NOT DESIGNATED FOR PUBLICATION

No. 114,355

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

JEFFERY HUFF,
*Appellant*.


MEMORANDUM OPINION

Appeal from Ford District Court; SIDNEY R. THOMAS, judge. Opinion filed June 3, 2016. Affirmed.

*Corrine E. Gunning*, of Kansas Appellate Defender Office, for appellant.

*David Belling*, assistant county attorney, *Natalie Randall*, county attorney, and *Derek Schmidt*, attorney general, for appellee.


Before BRUNS, P.J., POWELL and GARDNER, JJ.


*Per Curiam*: Jeffery M. Huff appeals an order revoking his probation and requiring him to serve his underlying prison sentence. On appeal, Huff claims that the district court abused its discretion by failing to reinstate his probation for a third time so that he could receive treatment for a drug addiction. Based on our review of the record, however, we find that the district court did not abuse its discretion by requiring Huff to serve his underlying prison sentence because he had already failed to comply with the terms of his probation when he neglected to attend a mandatory drug treatment program. Thus, we affirm the district court's order.

1

On July 29, 2013, the State charged Huff with distribution of methamphetamine, conspiracy to distribute methamphetamine, and distributing or possessing methamphetamine without a tax stamp. Approximately 5 months later, the State amended the charge of distribution of methamphetamine to possession of methamphetamine. Pursuant to a plea agreement, Huff pled no contest to possession of methamphetamine and distributing or possessing methamphetamine without a tax stamp. In exchange for the plea, the State agreed to dismiss the conspiracy to distribute methamphetamine count and to recommend probation at sentencing.

During Huff's sentencing hearing on February 21, 2014, the district court determined that his criminal history score was "C," to which Huff's attorney stated he had no objection. Based on Huff's criminal history score and the severity of his crimes, Huff's prison sentence fell within a border box on the sentencing grid for drug crimes. Accordingly, Huff's counsel asked the district court to impose probation, stating that his client "completed an evaluation at [a drug abuse treatment center] and has been recommended to complete outpatient treatment." The district court ultimately placed Huff on 18 months' probation and imposed an underlying prison sentence of 38 months. Among the several conditions of his probation, Huff was to undergo mandatory drug abuse treatment.

At a probation revocation hearing held on May 9, 2014, Huff admitted to violating the terms of his probation by failing to submit to a urinalysis, failing to report to his probation officer, and failing to inform his probation officer that he had changed his phone number. Although the district court revoked Huff's probation, it ultimately reinstated probation and ordered Huff to serve a 3-day jail sanction.

During a probation revocation hearing held on November 10, 2014, Huff again admitted to violating the terms of his probation by failing to complete a drug abuse treatment program, failing to submit to a urinalysis, and failing to attend required employment classes. Once again, the district court revoked and reinstated his probation. The district court also ordered Huff to serve a 180-day prison sanction and extended his probation by 18 months.

On April 8, 2015, Huff agreed to serve a 2-day jail sanction for failing to submit to a urinalysis, which was yet another violation of the terms of his probation. Fifteen days later, Huff also admitted to violating the terms of his probation by lying to his corrections officer about where he was staying. In lieu of a hearing on the matter, Huff agreed to serve an additional 2-day jail sanction for this violation.

Subsequently, Huff's probation officer alleged in an affidavit that he had been convicted of one count of theft and one count of criminal damage to property in Dodge City Municipal Court. The affidavit also stated that Huff pled no contest to another count of theft. During a revocation hearing held on June 1, 2015, Huff admitted that he had again violated the terms of his probation, the State asked the district court to order Huff to serve his original prison sentence, and Huff's attorney asked the court to give his client another chance to complete his probation.

At the conclusion of the hearing, the district court imposed Huff's underlying prison sentence. The district court found that Huff had 18 prior convictions and that his subsequent convictions indicated he was unwilling to change his behavior. The district court further noted that it had been lenient with Huff by initially imposing probation and by reinstating it on two occasions. Thereafter, Huff filed a timely notice of appeal.

3

On appeal, Huff contends that the district court abused its discretion by revoking his probation. Probation from service of a sentence is an act of grace by the sentencing judge and, unless otherwise required by law, is a privilege rather than a matter of right. *State v. Gary*, 282 Kan. 232, 237, 144 P.3d 634 (2006). A district court's decision to revoke probation usually involves two steps:  (1) a retrospective factual question of whether the probationer has violated a condition of probation; and (2) a discretionary determination by the sentencing authority of whether the violation warrants revocation. *State v. Skolaut*, 286 Kan. 219, Syl. ¶ 4, 182 P.3d 1231 (2008).

Because the decision to revoke probation rests in the district court's sound discretion, we generally review such a decision under the abuse of discretion standard. *State v. Gumfory*, 281 Kan. 1168, 1170, 135 P.3d 1191 (2006). Abuse of discretion means that the decision was (1) arbitrary, fanciful, or unreasonable; (2) based on an error of law; or (3) based on an error of fact. *State v. Cameron*, 300 Kan. 384, 391, 329 P.3d 1158, *cert. denied* 135 S. Ct. 728 (2014). Huff carries the burden on appeal to show that the district court abused its discretion. See *State v. Stafford*, 296 Kan. 25, 45, 290 P.3d 562 (2012).

Effective July 1, 2013, the Kansas Legislature implemented a system of graduated sanctions for felony convictions. See L. 2013, ch. 76, sec. 5. "Basically, the court can now send defendants to jail for brief periods instead of sending them to prison to serve their sentences." *State v. McGill*, 51 Kan. App. 2d 92, 94, 340 P.3d 515, *rev. denied* 302 Kan. ___ (2015). Under this new scheme, if the district court has already imposed an intermediate sanction under K.S.A. 2013 Supp. 22-3716(c)(1)(C) or (c)(1)(D) related to the felony crime for which the original supervision was imposed, the district court may revoke the violator's probation and impose the original sentence. K.S.A. 2013 Supp. 22-

4

3716(c)(1)(E). Because Huff's probation violations occurred after July 1, 2013, the amendments apply to him. See *McGill*, 51 Kan. App. 2d at 95.

Huff does not claim that the district court failed to impose the appropriate intermediate sanctions. Indeed, it appears that the district court abided by the statute when it initially imposed a 3-day jail sanction and then a 180-day prison sanction. See K.S.A. 2013 Supp. 22-3716(c)(1)(B), (c)(1)(D). Instead, Huff claims that the district court abused its discretion because alternate dispositions were more appropriate. More specifically, Huff claims that no reasonable person would have revoked his probation because his "welfare would best be served by receiving treatment for his drug addiction rather than serving a prison sentence."

However, the district court ordered Huff to undergo drug treatment when it initially sentenced him, and Huff failed to take advantage of this opportunity. A review of the record on appeal reveals that Huff was unsuccessfully discharged from a court-ordered drug treatment program on September 3, 2014. Moreover, the discharge summary attached to the probation officer's affidavit stated that Huff failed to appear at two of his first three group sessions and that he did not appear for the first month of his individual sessions. In addition, the discharge summary indicates that Huff admitted to his probation officer that he had used methamphetamine while on probation. Thus, we conclude that the district court did not abuse its discretion where Huff had already shown that he was unwilling to take advantage of the same opportunity he now requests. See *State v. Brown*, No. 102,823, 2010 WL 1253753, at *2 (Kan. App. 2010) (unpublished opinion).

Huff also asserts that the district court should have given consideration to the fact that his post-conviction misdemeanor convictions occurred before the district court ordered him to serve the 180-day jail sanction in November 2014. As the State points out, however, Huff was convicted on the criminal damage to property charge and on one of

5

the theft charges on April 23, 2015. Hence, we find that the district court could appropriately consider these convictions as part of its analysis.

In summary, we do not find that the district court acted in an arbitrary, fanciful, or unreasonable manner. Instead, the record reflects that the district court gave Huff several opportunities to reform his behavior, but he failed to avail himself of the grace afforded to him by the district court.

Affirmed.