NOT DESIGNATED FOR PUBLICATION

No. 114,740

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

DAVID MORENO,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; WARREN M. WILBERT, judge. Opinion filed August 12, 2016. Affirmed.

Submitted for summary disposition pursuant to K.S.A. 2015 Supp. 21-6820(g) and (h).

Before MALONE, C.J., BRUNS and SCHROEDER, JJ.

*Per Curiam*:  David Moreno contends that the Sedgwick County District Court abused its discretion in revoking his probation and ordering him to serve his underlying sentence. Finding no error, we affirm the district court's decision.

In February 2013, the State charged Moreno with possession of controlled substances and possession of drug paraphernalia. The State later agreed to dismiss the possession of drug paraphernalia charge in exchange for Moreno's plea of guilty to possession of controlled substances. The district court accepted Moreno's guilty plea, and he was subsequently sentenced to serve 18 months' probation, with a 10-month underlying sentence.

1

On January 16, 2015, Moreno's intensive supervision officer filed an affidavit alleging that Moreno had violated the terms of his probation by committing the crime of aggravated assault. Later, the State further alleged that Moreno had used marijuana in May 2015 and that he failed to make payments toward the financial obligations imposed at sentencing. At a hearing conducted on August 26, 2015, Moreno admitted to violating the terms of his probation by committing aggravated assault. However, he asked the district court to reinstate his probation so that he could continue to receive drug treatment.

After considering Moreno's request, the district court revoked his probation and ordered him to serve his underlying sentence. Thereafter, Moreno timely appealed to this court and requested summary disposition without full briefing under Kansas Supreme Court Rule 7.041A (2015 Kan. Ct. R. Annot. 67). The State did not file a response. Thus, we granted Moreno's request for summary disposition.

It is well-settled, however, that probation from service of a sentence is an act of grace by the sentencing judge. Accordingly, unless otherwise required by law, probation is a privilege granted to a defendant rather than a matter of right. *State v. Gary*, 282 Kan. 232, 237, 144 P.3d 634 (2006). A district court's decision to revoke probation usually involves two steps:  (1) a retrospective factual question of whether the probationer has violated a condition of probation; and (2) a discretionary determination by the sentencing authority of whether the violation warrants revocation. *State v. Skolaut*, 286 Kan. 219, Syl. ¶ 4, 182 P.3d 1231 (2008). Moreover, we generally review such a decision under an abuse of discretion standard. *State v. Gumfory*, 281 Kan. 1168, 1170, 135 P.3d 1191 (2006). Abuse of discretion means that the decision was (1) arbitrary, fanciful, or unreasonable; (2) based on an error of law; or (3) based on an error of fact. *State v. Cameron*, 300 Kan. 384, 391, 329 P.3d 1158, *cert. denied* 135 S. Ct. 728 (2014).

Effective July 1, 2013, the Kansas Legislature implemented a system of graduated sanctions for felony convictions. See L. 2013, ch. 76, sec. 5. "Basically, the court can now send defendants to jail for brief periods instead of sending them to prison to serve their sentences." *State v. McGill*, 51 Kan. App. 2d 92, 94, 340 P.3d 515, *rev. denied* 302 Kan. 1017 (2015). Under this new scheme, the district court may bypass these intermediate sanctions if the violator commits a new felony or misdemeanor while on probation. K.S.A. 2015 Supp. 22-3716(c)(8). Because Moreno's probation violation occurred after July 1, 2013, the amendments apply to him. See *McGill*, 51 Kan. App. 2d at 95.

On appeal, Moreno does not suggest the district court based its decision on an error of law or fact. Indeed, the district court's decision to impose the underlying sentence was not an error of law because Moreno admitted to committing aggravated assault while on probation. See K.S.A. 2015 Supp. 22-3716(c)(8). Furthermore, Moreno carries the burden of showing that the district court abused its discretion. See *State v. Stafford*, 296 Kan. 25, 45, 290 P.3d 562 (2012). Based on our review of the record, however, we cannot find that the district court's decision was arbitrary, fanciful, or unreasonable. Rather, the record shows that Moreno failed to avail himself of the grace afforded to him by the district court.

Affirmed.