NOT DESIGNATED FOR PUBLICATION

No. 118,572

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

XAVIER A. WILSON,
*Appellant*.

MEMORANDUM OPINION

Appeal from Johnson District Court; THOMAS KELLY RYAN, judge. Opinion filed September 28, 2018. Affirmed.

*Kai Tate Mann*, of Kansas Appellate Defender Office, for appellant.

*Shawn E. Minihan*, assistant district attorney, *Stephen M. Howe*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before HILL, P.J., PIERRON and POWELL, JJ.

PER CURIAM: Xavier A. Wilson appeals the district court's revocation of his probation. He contends that he was denied due process because: he received inadequate notice of his alleged probation violations; the State presented insufficient evidence to prove the probation violations; and the court was required by law to impose an intermediate sanction rather than order him to prison. To the contrary, we find Wilson had adequate notice that he violated the conditions of his probation by driving recklessly; the State proved by a preponderance of the evidence that he drove recklessly; and, the

1

court was not required to impose an intermediate sanction because Wilson had committed a new crime. Therefore, we affirm.

In compliance with the plea agreement, Wilson pled no contest to two counts of forgery and the State dismissed two theft charges and recommended the court place Wilson on probation.

Wilson's criminal history was C. This meant that his presumptive sentence was probation. Despite a special rule which permitted the court to sentence Wilson to prison, it chose not to do so. Instead, the court sentenced Wilson to a suspended prison term of 26 months and placed him on 18 months' probation. The court also ordered Wilson to comply with several terms of probation, such as comply with any written conditions his probation officer imposed, comply with the law, and pay all court costs and fees.

In November 2015, the court first revoked and then reinstated Wilson's probation because he violated the rules at the Johnson County Adult Residential Center. As a sanction for the violation, the court imposed a three-day "quick dip" incarceration in jail and then extended his probation.

Over a year later, the State moved to revoke Wilson's probation, alleging that he:
- left the state of Missouri without his Missouri probation officer's permission;
- was arrested on February 18, 2017, by the Kansas Highway Patrol for
    —aggravated battery on a law enforcement officer
    —felony fleeing and eluding
    —interference with a law enforcement officer in commission of a felony
    —reckless driving
    —additional charges
- failed to make payments as directed by the court; and

- failed to enter substance abuse treatment by February 8, 2017, as directed by his Missouri probation officer.

The court received evidence on the motion. First, a Kansas Highway Patrol trooper testified that on February 18, 2017, beginning in Trego County, Wilson led law enforcement officers on a high-speed chase for over 100 miles in northwest Kansas through five different small towns. The trooper saw Wilson drive over 100 miles per hour, fail to stop at a stop sign, and fail to use his turn signal. Wilson exited I-70 at 100-plus miles per hour.

Law enforcement officers from the City of WaKeeney, Gove County, Thomas County, the City of Colby, and Sherman County all pursued Wilson. He was driving "well over 100" miles per hour through Colby. Officers blocked off city streets because "there was no stopping him." He was driving at 140 miles per hour during the chase. These officers pursued Wilson in marked patrol vehicles using lights and sirens.

This was a dangerous car chase. Several times the officers tried using stop sticks to stop Wilson. But each time, he evaded them. In Colby, Wilson's car struck the Thomas County undersheriff's car. He drove through a pasture. His car lost a tire but he continued driving on the interstate on three wheels! Finally, officers ended the pursuit by using a controlled crash maneuver that is used to stop fleeing suspects. As a result, Wilson was ejected from the car but was later identified as the driver. The trooper testified that charges were pending in Trego County, but they were waiting on the results of a toxicology report to see if Wilson was intoxicated during the chase.

Next, the director of adult court services with the 10th Judicial District testified that Wilson was being supervised through an interstate compact with the State of Missouri. The director was in charge of overseeing that supervision. He testified that Wilson needed a travel permit to travel to other states and the Missouri violation report

3

stated that Wilson did not have permission to be in western Kansas. In addition, the director testified that Wilson had not paid his court-ordered costs and fees. He also testified that the Missouri violation report stated that on February 8, 2017, Wilson had not entered into a substance abuse treatment program as directed.

For his part, Wilson testified that he had permission from his Missouri probation officer to go to Kansas for school at Johnson County Community College and to work in Gardner. He admitted he did not begin substance abuse treatment by February 8, 2017.

The parties took opposing positions. Wilson's attorney complained that Wilson's due process rights were violated because they had no official notice of what statutes Wilson allegedly violated. He also argued the State did not prove each element of the crimes. He did admit that Wilson had not made court-ordered payments. He argued that the court had no legal basis to bypass the statutorily mandated intermediate sanctions and argued instead for a 120-day county jail "dunk." The State argued that the evidence supported a finding that Wilson had, during this dangerous chase, committed felony fleeing and eluding. The State also asked the court to find that Wilson was a risk to public safety on probation.

Adopting a common-sense approach, the court found that notwithstanding whether any charges had been filed, Wilson's driving was "clearly dangerous." The evidence showed that Wilson was driving 116 miles per hour along I-70 and he exited the highway at more than 100 miles per hour. Law enforcement officers chased Wilson through western Kansas for more than 100 miles, through five towns, and a cow pasture. Wilson evaded stop sticks that were thrown down in an effort to bring his car to a stop. His car struck the Thomas County undersheriff's car. Wilson's car lost a wheel but he incredibly continued driving on three wheels. Ultimately officers had to use a tactical vehicle intervention maneuver to stop Wilson. As a result, he was flung from his car. The court's findings were inescapable.

4

The court also concluded that Wilson's motivation for "eluding" the police—i.e., whether he was under the influence of alcohol—did not matter because there was testimony that Wilson committed violations of law including reckless driving, battery on a law enforcement officer, "perhaps aggravated battery," and "all of the various traffic violations that were committed in the course of this 100-plus mile chase."

The court also found that Wilson presented a "high risk of danger" to public safety and his welfare would not be served by an intermediate sanction. As its reasoning, the court referred to the trooper's testimony and that Wilson's probation had already been revoked and reinstated once and "this is what results from that."

The court revoked Wilson's probation and ordered him to serve his original sentence. On the journal entry, the court again explicitly stated that Wilson presented a risk to public safety and he had committed a new crime. The court also found Wilson left the state without a travel authorization, failed to make payments, and failed to enter treatment. Wilson appeals.

*Wilson was given adequate notice that he violated his probation by driving recklessly.*

Wilson first contends that the State violated his due process rights by providing insufficient notice of what laws he violated. He argues that the "and additional charges" language allowed the district court to pick any crime Wilson allegedly committed based on the "wide ranging testimony" of the trooper. He complains that there were no charges pending against Wilson for the alleged crimes. He argues that "very basic information" was omitted including where the crimes occurred, the identity of the victim of aggravated battery, and the particular set of elements identifying the alleged crimes. He cites *State v. Scott*, No. 115,432, 2017 WL 2210442 (Kan. App. 2017) (unpublished opinion), for support.

5

The Due Process Clause to the United States Constitution requires minimum procedural safeguards before revoking an individual's probation. A defendant is not entitled to the same rights owed in a criminal prosecution. *State v. Hall*, 287 Kan. 139, 143, 195 P.3d 220 (2008); *State v. McGill*, 51 Kan. App. 2d 92, 96, 340 P.3d 515 (2015). But such minimum due process rights include written notice of the probation violations alleged. *Gagnon v. Scarpelli*, 411 U.S. 778, 786, 93 S. Ct. 1756, 36 L. Ed. 2d 656 (1973). The Kansas probation revocation statutory requirements satisfy all of the constitutional due process requirements. *State v. Hurley*, 303 Kan. 575, 582, 363 P.3d 1095 (2016). As relevant, K.S.A. 2016 Supp. 22-3716(b)(1) requires that the probation officer "submit in writing a report showing in what manner the defendant has violated the conditions" of probation. Whether Wilson's due process rights were violated is a question of law over which we exercise unlimited review. See *Hall*, 287 Kan. at 143.

To us, Wilson fails to cite authority to support his argument that the State was required to include all the elements of the alleged offenses in its notice of Wilson's probation violations. Tellingly, *McGill* illustrates what is required. In *McGill*, the probationer argued that his due process rights were violated because he was not given notice that he had committed a new crime. The warrant alleged that "On 4/25/13 and 5/6/13, the defendant provided false paychecks to his ISO." 51 Kan. App. 2d at 97. The district court found that the probationer committed a new crime—making a false information—by giving false paychecks to his probation officer, and the court revoked his probation. This court held that he received proper notice of the probation violation and had received the minimum due process rights required. 51 Kan. App. 2d at 97.

Wilson relies on *Scott*. In *Scott*, the court found that the probationer's due process rights were violated after the district court revoked his probation because the State proved a different probation violation than what it alleged in the warrant. The State accused the probationer of being under the influence of an *unknown* substance, but the evidence

pointed to the probationer being impaired by his known prescription medication. 2017 WL 2210442, at *4-5. But there was no such switching of reasons here.

Here, unlike *Scott*, the State gave notice of several crimes that Wilson allegedly committed, and the court found that Wilson committed one of those specified crimes. The motion read:

"On 02/18/2017 the defendant was arrested by the Kansas Highway Patrol for Aggravated Battery on LEO, Felony Flee and Elude, Interference with a LEO in Commission of a Felony, Reckless Driving, and additional charges. This ended up being over a hundred mile chase where speeds were well over 100 MPH and the defendant struck a Thomas County marked patrol car."

The court found Wilson committed "a law violation of reckless driving, a law violation of battery on a law enforcement officer, perhaps aggravated battery, and all of the various traffic violations that were committed in the course of this 100-plus mile chase." Though it is unclear whether the court found Wilson committed aggravated battery, it is clear that the court found he committed reckless driving.

We hold that Wilson had adequate notice that he violated his probation by committing reckless driving. The motion specified the date of the reckless driving and provided detail that it involved "over a hundred mile chase where speeds were well over 100 MPH and the defendant struck a Thomas County marked patrol car." A condition of his probation was that he "shall not again violate the law of the State of Kansas or of any other State or the United States or of any municipality, with the exception of minor traffic infractions." Reckless driving is a misdemeanor in Kansas, not an infraction, and is listed as one of the serious traffic offenses. K.S.A. 8-1566(b).

Wilson fails to explain how the State's notice of the reckless driving violation was not sufficiently specific to allow him to adequately respond to that violation. Rather,

7

Wilson focuses on the "and additional charges" language in the State's motion. That language was not specific. But the State need only prove one material violation to support revocation. See *State v. Hagan*, No. 106,338, 2012 WL 5392105, at *5 (Kan. App. 2012) (unpublished opinion). Wilson's due process rights were not violated by the court's finding that he violated his probation by driving recklessly.

*The reckless driving violation was supported by a preponderance of the evidence.*

Wilson also argues the district court failed to state which crimes were committed by a preponderance of the evidence. He alleges it is unclear where the crime was committed, who the victim was, if any, and what particular set of elements Wilson's actions satisfied.

On a motion to revoke probation, the State must establish that the probationer committed a probation violation by a preponderance of the evidence. *State v. Gumfory*, 281 Kan. 1168, 1170, 135 P.3d 1191 (2006). A preponderance of the evidence is established when the evidence demonstrates a fact is more probably true than not true. Conviction for the crime that is alleged to be a probation violation is not required. *State v. Lloyd*, 52 Kan. App. 2d 780, 782, 375 P.3d 1013 (2016).

The crime of reckless driving in Kansas is not complex: "Any person who drives any vehicle in willful or wanton disregard for the safety of persons or property is guilty of reckless driving." K.S.A. 8-1566. Our Supreme Court has stated, "Reckless driving means driving a vehicle under circumstances that show a realization of the imminence of danger to another person or the property of another where there is a conscious and unjustifiable disregard of that danger." *State v. Remmers*, 278 Kan. 598, Syl. ¶ 2, 102 P.3d 433 (2004).

We need not repeat all of the testimony. Needless to say, a 100-mile chase through several counties and five small towns where speeds exceeded 100 miles per hour is extremely dangerous. This was dangerous not only to the police officers, but to the fleeing driver and any pedestrians or other drivers unfortunate enough to be caught in their way. This is clearly sufficient to show by a preponderance of the evidence that Wilson committed reckless driving. See *State v. Castleberry*, 301 Kan. 170, 185, 339 P.3d 795 (2014); *State v. Vega*, No. 110,616, 2015 WL 1401880, at *2 (Kan. App. 2015) (unpublished opinion).

*The district court also had the authority to require Wilson to serve his underlying sentence because he committed a new crime.*

Once a probation violation has been established, the decision to revoke probation rests within the sound discretion of the district court. *State v. Skolaut*, 286 Kan. 219, 227-28, 182 P.3d 1231 (2008). A judicial action constitutes an abuse of discretion if the action (1) is arbitrary, fanciful, or unreasonable; (2) is based on an error of law; or (3) is based on an error of fact. *State v. Mosher*, 299 Kan. 1, 3, 319 P.3d 1253 (2014). Wilson bears the burden to show an abuse of discretion. See *State v. Stafford*, 296 Kan. 25, 45, 290 P.3d 562 (2012).

K.S.A. 2016 Supp. 22-3716(c) limits the court's discretion in deciding how to sanction a probation violator. The statute provides that a sentencing court should impose a series of intermediate, graduated sanctions before ordering a probation violator to serve his or her underlying sentence, unless certain exceptions apply. For example, the district court need not impose any intermediate sanction if the offender "commits a new felony or misdemeanor while the offender is on probation" or if the court "finds and sets forth with particularity the reasons for finding that the safety of members of the public will be jeopardized or that the welfare of the offender will not be served by such sanction." K.S.A. 2016 Supp. 22-3716(c)(8)(A), (c)(9).

The State is not required to show that Wilson has been charged or convicted of a new crime, only that he committed a new felony or misdemeanor. See K.S.A. 2016 Supp. 22-3716(c)(8). As stated above, reckless driving is a misdemeanor. Thus the district court had authority to bypass the intermediate sanctions and require Wilson to serve his underlying sentence.

Affirmed.