NOT DESIGNATED FOR PUBLICATION

No. 120,757

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

BIANCA R. HOLLEY,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; STEPHEN J. TERNES, judge. Opinion filed February 28, 2020. Appeal dismissed.

Submitted by the parties for summary disposition pursuant to K.S.A. 2019 Supp. 21-6820(g) and (h).

Before MALONE, P.J., LEBEN and POWELL, JJ.

PER CURIAM: Bianca R. Holley appeals the district court's decision to impose an intermediate 120-day prison sanction after she stipulated to violating the terms and conditions of her probation. We granted Holley's motion for summary disposition pursuant to Supreme Court Rule 7.041A (2019 Kan. S. Ct. R. 47). The State has responded by not objecting to summary disposition but asks us to dismiss the appeal as being moot. After a review of the record, we agree with the State and dismiss the appeal.

Pursuant to a plea agreement with the State, on October 7, 2016, Holley pleaded guilty to attempted aggravated burglary, a severity level 7 person felony, and theft after a prior conviction, a severity level 9 nonperson felony. In exchange for her plea, the State

1

agreed to recommend the low number in the appropriate sentencing guidelines grid box and recommend the presumptive disposition be imposed. On November 18, 2016, the district court sentenced Holley to 25 months' imprisonment for attempted aggravated burglary and 5 months' imprisonment for theft after a prior conviction, with 12 months of postrelease supervision. The sentences ran consecutively for a total imprisonment term of 30 months. The district court then placed Holley on probation for 24 months.

On August 6, 2017, Holley admitted to violating the conditions of her probation by testing positive for controlled substances, waived her right to a hearing, and agreed to an intermediate two-day jail sanction. On September 12, 2017, Holley again stipulated to violating her probation, and the district court ordered Holley to serve another two-day jail sanction. On January 9, 2018, Holley stipulated to violating the conditions of her probation for a third time, and the district court once again ordered Holley to serve a two-day jail sanction.

On March 15, 2018, the State sought to revoke Holley's probation for having contact with a law enforcement officer without notifying her intensive supervision officer, having contact with Dillons, and alleging she committed a new crime of theft. On May 23, the district court conducted a preliminary hearing for the new theft charge and a probation revocation hearing for this case. The district court found Holley violated the terms and conditions of her probation. On July 2, the district court held a probation violation disposition and ordered Holley serve a 120-day prison sanction. It also extended her probation for 12 months from that date.

Holley argues on appeal that the district court abused its discretion by imposing the 120-prison sanction. Once a probation violation has been established, the decision to modify the terms of probation is within the sound discretion of the district court. See *State v. Skolaut*, 286 Kan. 219, 227-28, 182 P.3d 1231 (2008). Judicial discretion is abused if the action "(1) is arbitrary, fanciful, or unreasonable, i.e., if no reasonable

person would have taken the view adopted by the trial court; (2) is based on an error of law . . . ; or (3) is based on an error of fact." *State v. Jones*, 306 Kan. 948, Syl. ¶ 7, 398 P.3d 856 (2017). Holley bears the burden to show an abuse of discretion by the district court. See *State v. Rojas-Marceleno*, 295 Kan. 525, 531, 285 P.3d 361 (2012).

A district court's discretion concerning the imposition of probation violation sanctions is limited by the intermediate sanction provisions outlined in K.S.A. 2018 Supp. 22-3716. The district court is required to impose graduated intermediate sanctions before revoking an offender's probation. See K.S.A. 2018 Supp. 22-3716(c); *State v. Huckey*, 51 Kan. App. 2d 451, 454, 348 P.3d 997, *rev. denied* 302 Kan. 1015 (2015). At the time Holley violated the conditions of her probation, intermediate sanctions included a 2- or 3-day sanction of confinement in a county jail and a 120- or 180-day prison sanction. See K.S.A. 2018 Supp. 22-3716(c)(1)(B), (C), (D). With some exceptions, a district court may impose a 120-day prison sanction only after a 2- or 3-day jail sanction was previously imposed. K.S.A. 2018 Supp. 22-3716(c)(1)(C).

Here, it is undisputed that Holley violated the terms of her probation and the district court had twice previously imposed the prerequisite two-day intermediate jail sanction. Therefore, the district court had the legal authority to impose the 120-day sanction. However, the State argues the question is moot because Holley has already served her 120-day prison sanction. See *State v. Montgomery*, 295 Kan. 837, 844, 286 P.3d 866 (2012). We agree because "[a]n issue is moot where any judgment of the court would not affect the outcome of the parties' controversy." *Manly v. City of Shawnee*, 287 Kan. 63, Syl. ¶ 4, 194 P.3d 1 (2008).

Effective July 1, 2019, the Legislature amended K.S.A. 22-3716 and removed the 120-day and 180-day intermediate prison sanction requirement prior to authorizing a probation revocation. In fact, stints in prison are no longer allowed as probation violation sanctions. L. 2019, ch. 59, § 10. In light of the fact that Holley has already served her

3

intermediate prison sanction and the requirement that a 120-day prison sanction be a prerequisite to any probation revocation no longer exists, we cannot grant any relief to Holley because no matter our decision in this case, the district court would have the legal authority to revoke Holley's probation should she subsequently violate the conditions of her probation in the future. See *State v. McGill*, 51 Kan. App. 2d 92, 95, 340 P.3d 515 (date of probation violation determines applicability of intermediate sanction provisions of K.S.A. 22-3716), *rev. denied* 302 Kan. 1017 (2015). But even if the question were not moot, Holley fails to persuade us that the district court abused its discretion by imposing the 120-day intermediate prison sanction.

Appeal dismissed.