NOT DESIGNATED FOR PUBLICATION

Nos. 121,401
121,402
121,403

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

JAMIE RACHELLE BUBECK,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; MICHAEL J. HOELSCHER, judge. Opinion filed March 6, 2020. Appeal dismissed.

Submitted by the parties for summary disposition pursuant to K.S.A. 2019 Supp. 21-6820(g) and (h).

Before MALONE, P.J., LEBEN and POWELL, JJ.

PER CURIAM: Jamie Rachelle Bubeck appeals the district court's decision to impose an intermediate 180-day prison sanction after she stipulated to violating the terms and conditions of her probation. We granted Bubeck's motion for summary disposition pursuant to Supreme Court Rule 7.041A (2019 Kan. S. Ct. R. 47). The State has responded by not objecting to summary disposition but asks us to dismiss the appeal as being moot. After a review of the record, we agree with the State and dismiss the appeal.

1

As part of a plea agreement with the State in 15CR3329, Bubeck pled guilty to a single count of theft after a prior conviction, a severity level 9 nonperson felony. On March 21, 2016, the district court sentenced her to 5 months in prison but placed her on probation from that sentence for a period of 12 months.

On December 6, 2016, the State sought to revoke Bubeck's probation, alleging she had, among other violations, committed two new crimes of theft. Consequently, she was charged with two additional counts of theft after a prior conviction in cases 16CR3553 and 16CR3587. Bubeck reached another plea agreement with the State and pled guilty to the new charges. On February 22, 2017, in 16CR3553, the district court sentenced her to 10 months in prison but placed her on probation for 12 months, while, in 16CR3587, she was sentenced to 9 months in prison but placed on probation for 12 months. In 15CR3329, Bubeck admitted to the probation violations at a hearing conducted on the same day as her sentencing, and the district court imposed a two-day jail sanction. The district court also extended her probation for 12 months.

Over the next several months, Bubeck repeatedly violated the terms of her probation which frequently consisted of her testing positive for illegal drugs. These repeated violations resulted in the district court sanctioning her with jail sanctions, imposing a 120-day prison sanction, and extending her probation term. She was also referred to the drug court program.

Finally, on May 14, 2019, the State once again sought to revoke Bubeck's probation on the grounds that, among other violations, she had tested positive for illegal drugs on more than one occasion. At the May 17, 2019 probation violation hearing, Bubeck admitted to the violations. The State asked for revocation of Bubeck's probation and imposition of sentence while Bubeck asked for inpatient treatment. The district court instead chose to impose a 180-day prison sanction.

Bubeck argues on appeal that the district court abused its discretion by imposing the 180-day prison sanction. Once a probation violation has been established, the decision to modify the terms of probation is within the sound discretion of the district court. See *State v. Skolaut*, 286 Kan. 219, 227-28, 182 P.3d 1231 (2008). Judicial discretion is abused if the action "(1) is arbitrary, fanciful, or unreasonable, i.e., if no reasonable person would have taken the view adopted by the trial court; (2) is based on an error of law . . . ; or (3) is based on an error of fact." *State v. Jones*, 306 Kan. 948, Syl. ¶ 7, 398 P.3d 856 (2017). Bubeck bears the burden to show an abuse of discretion by the district court. See *State v. Rojas-Marceleno*, 295 Kan. 525, 531, 285 P.3d 361 (2012).

A district court's discretion concerning the imposition of probation violation sanctions is limited by the provisions outlined in K.S.A. 2018 Supp. 22-3716. The district court is required to impose graduated intermediate sanctions before revoking an offender's probation. See K.S.A. 2018 Supp. 22-3716(c); *State v. Huckey*, 51 Kan. App. 2d 451, 454, 348 P.3d 997, *rev. denied* 302 Kan. 1015 (2015). At the time Bubeck violated the conditions of her probation, intermediate sanctions included a 2- or 3-day sanction of confinement in a county jail and a 120- or 180-day prison sanction. See K.S.A. 2018 Supp. 22-3716(c)(1)(B), (C), (D). With some exceptions, a district court may impose a 120-day prison sanction only after a 2- or 3-day jail sanction was previously imposed. K.S.A. 2018 Supp. 22-3716(c)(1)(C).

Here, it is undisputed that Bubeck violated the terms of her probation and the district court had repeatedly imposed the prerequisite 2-day intermediate jail sanction as well as a 120-day prison sanction. Therefore, the district court had the legal authority to impose the 180-day prison sanction. However, the State argues the question is moot because Bubeck has already served her 180-day prison sanction. See *State v. Montgomery*, 295 Kan. 837, 844, 286 P.3d 866 (2012). We agree because "[a]n issue is moot where any judgment of the court would not affect the outcome of the parties' controversy." *Manly v. City of Shawnee*, 287 Kan. 63, Syl. ¶ 4, 194 P.3d 1 (2008).

Effective July 1, 2019, the Legislature amended K.S.A. 22-3716 and removed the 120-day and 180-day intermediate prison sanction requirements prior to authorizing a probation revocation. In fact, stints in prison are no longer allowed as probation violation sanctions. K.S.A. 2019 Supp. 22-3716(c); L. 2019, ch. 59, § 10. In light of the facts that Bubeck has already served her intermediate prison sanction and the requirement that a 180-day prison sanction be a prerequisite to any probation revocation no longer exists, we cannot grant any relief to Bubeck because no matter our decision in this case, the district court would have the legal authority to revoke Bubeck's probation should she subsequently violate the conditions of her probation in the future. See *State v. McGill*, 51 Kan. App. 2d 92, 95, 340 P.3d 515 (date of probation violation determines applicability of intermediate sanction provisions of K.S.A. 22-3716), *rev. denied* 302 Kan. 1017 (2015). But even if the question were not moot, given her lengthy history of probation violations, Bubeck fails to persuade us that the district court abused its discretion by imposing the 180-day intermediate prison sanction.

Appeal dismissed.