NOT DESIGNATED FOR PUBLICATION

No. 127,393

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

GINA MARIE WHITEFORD,
*Appellant.*

MEMORANDUM OPINION

Appeal from Harvey District Court; MARILYN M. WILDER, judge. Submitted without oral argument. Opinion filed June 20, 2025. Affirmed.

*Lindsay Kornegay*, of Kansas Appellate Defender Office, for appellant.

*Kristafer R. Ailslieger*, deputy solicitor general, and *Kris W. Kobach*, attorney general, for appellee.

Before MALONE, P.J., SCHROEDER and GARDNER, JJ.

PER CURIAM: Gina M. Whiteford appeals the Harvey County District Court's revocation of her probation and imposition of her underlying sentence, arguing the district court abused its discretion because it did not comply with K.S.A. 22-3716(c). After review, we affirm the district court's revocation of her probation and imposition of her underlying sentence.

1

*Factual and Procedural Background*

After a bench trial in May 2023, Whiteford was convicted of possession of methamphetamine and was sentenced to 18 months' probation with an underlying 30-month prison term. Yet soon after, in November 2023, Whiteford began to struggle on probation due to methamphetamine use, which she admitted to her intensive supervision officer, also known as a probation officer. She waived her right to a contested probation violation hearing, and her probation officer ordered her to serve a three-day jail sanction under K.S.A. 2021 Supp. 22-3716(b)(4)(A).

After this jail sanction, Whiteford continued to struggle on probation, so her probation officer moved to revoke her probation in December 2023. The affidavit in support of that motion alleged that Whiteford had violated her probation by using marijuana once and methamphetamine many times, by failing a drug test, by failing to be truthful with and follow the instructions of her probation officer, by not entering drug treatment as ordered, and by not providing verification of a mental health evaluation.

At the hearing, Whiteford admitted some of the alleged acts and did not contest others. The only contested matters were whether she had failed to begin inpatient drug treatment in December 2023—she claimed she was unaware of that appointment—and whether she had failed to provide verification of obtaining a mental health evaluation, which she claimed she had done. The district court held an evidentiary hearing on these denied allegations but found that Whiteford had violated her probation in December 2023, as well as by committing the other uncontested and admitted acts. Whiteford does not contest on appeal that she violated her probation.

Whiteford requested continued probation so she could receive inpatient drug treatment. The State asked the district court to impose her underlying sentence due to her "consistent behavior of dishonesty and [drug] usage." Ultimately, the district court found

2

Whiteford had violated the terms of probation as alleged in the motion, revoked her probation, and imposed a modified underlying 24-month prison sentence. The district court provided three reasons for imposing an underlying prison sentence instead of an intermediate sanction. First, the district court determined it did not have to impose an intermediate sanction because Whiteford's probation officer had previously imposed one in November 2023.

Second, the district court invoked the new crime exception to intermediate sanctions and found that Whiteford had committed a new crime by using marijuana and methamphetamine. The district court based its finding that her drug use equated to the commission of a new crime of drug possession on *State v. Roubideaux-Davis*, No. 125,764, 2023 WL 5662765, at *4-7 (Kan. App. 2023) (unpublished opinion).

Third, the district court invoked the public safety and offender welfare exception to intermediate sanctions and stated that Whiteford has had "multiple evaluations, multiple attempts at treatment, and, again, just cannot get things done that need to be done," and that "[w]e continue to have a pattern of the same types of behavior."

Whiteford timely appeals the revocation of her probation and imposition of a modified underlying prison sentence.

*Did the district court err by revoking Whiteford's probation?*

On appeal, Whiteford argues that the district court abused its discretion by revoking her probation because it lacked the legal authority to do so under the intermediate sanctions regime. See K.S.A. 2021 Supp. 22-3716(c). She makes three arguments in support. First, she asserts that the district court based its decision to revoke her probation on an erroneous finding that the imposition of a prior quick dip by her

3

probation officer permitted the court to revoke her probation without imposing other intermediate sanctions.

Second, Whiteford argues that the district court's reliance on the new crime exception to the intermediate sanctions rule violated her due process rights because she had no notice of this alleged probation violation. Third, she argues that the district court failed to make sufficiently specific findings to support the revocation of her probation under the public safety and offender welfare exception to the intermediate sanctions structure.

*Standard of Review*

District courts have the discretion to revoke an offender's probation and to order the offender to serve the original sentence unless limited by statute. *State v. Dooley*, 308 Kan. 641, 647, 423 P.3d 469 (2018); see K.S.A. 22-3716(b), (c) (requiring intermediate sanctions before revocation in certain circumstances). We review a district court's revocation of probation and the imposition of an underlying sentence for abuse of discretion. A district court abuses its discretion only if its decision is (1) arbitrary, fanciful, or unreasonable; (2) based on a legal error; or (3) based on factual error. The party asserting the error—in this case Whiteford—bears the burden to establish an abuse of discretion. *State v. Tafolla*, 315 Kan. 324, 328, 508 P.3d 351 (2022).

*The Probation Revocation Structure and Intermediate Sanctions*

A district court must apply the intermediate sanctions structure in effect on the date the probationer committed the crime of conviction. *State v. Dominguez*, 58 Kan. App. 2d 630, 637, 473 P.3d 932 (2020). Whiteford's underlying offense was committed in November 2021, so K.S.A. 2021 Supp. 22-3716 provides the controlling intermediate sanctions rule.

4

The general intermediate sanctions rule provides that a district court may revoke an offender's probation only after the offender has received at least one two- or three-day jail sanction, as provided in K.S.A. 2021 Supp. 22-3716(c)(1)(B). K.S.A. 2021 Supp. 22-3716(c)(1)(C). Two exceptions to that rule are the "new crime exception" and the "public safety and offender welfare exception." K.S.A. 2021 Supp. 22-3716(c)(7)(A), (C). Under these exceptions (and others inapplicable here), the district court may bypass intermediate sanctions and revoke probation. See K.S.A. 2021 Supp. 22-3716(c)(7).

*New Crime Exception to Intermediate Sanctions—K.S.A. 22-3716(c)(7)(C)*

We first address Whiteford's argument regarding the new crime exception. If the district court properly applied that exception, then it did not need to impose intermediate sanctions before revoking Whiteford's probation.

Whiteford argues that the district court improperly bypassed intermediate sanctions and revoked her probation under K.S.A. 2021 Supp. 22-3716(c)(7)(C)'s new crime exception because the motion to revoke her probation did not allege that she committed a new crime. She contends solely that lack of proper notice that the district court may revoke her probation based on her commission of a new crime violated her due process rights.

*Is Whiteford's argument preserved*?

The State responds that this court should not consider Whiteford's argument because she is raising it for the first time on appeal. In the alternative, it argues that Whiteford's due process rights were not violated because the affidavit supporting the motion to revoke probation clearly alleged the conduct that was the basis for the probation revocation under the new crime exception—her repeated use of methamphetamine.

5

Whiteford concedes that she did not raise this issue in the district court. She argues, however, that we can still consider this claim because it implicates her fundamental rights. Moreover, Whiteford's argument questions the district court's jurisdiction to revoke her probation. "[E]ven if the State has complied with K.S.A. 22-3716, a district court may be deprived of jurisdiction if an alleged probation violator is denied due process." *State v. Hall*, 287 Kan. 139, 144, 195 P.3d 220 (2008) (citing *State v. Rocha*, 30 Kan. App. 2d 817, 820, 48 P.3d 683 [2002]). "The existence of subject matter jurisdiction cannot be waived, and its nonexistence may be challenged at any time." *State v. Dunn*, 304 Kan. 773, 784, 375 P.3d 332 (2016).

Likewise, a party may raise an issue for the first time on appeal if its consideration is necessary to serve the ends of justice or to prevent the denial of fundamental rights. *State v. Hirsh*, 310 Kan. 321, 338, 446 P.3d 472 (2019); see *State v. Foster*, 290 Kan. 696, 702, 233 P.3d 265 (2010) (holding that due process concerns warrant review for first time on appeal); see also *State v. Kendrick*, No. 120,052, 2020 WL 858073, at *2 (Kan. App. 2020) (unpublished opinion) (considering probationer's claim for first time on appeal that he did not receive written notice of alleged probation violations). Because Whiteford's claim implicates our jurisdiction and raises due process concerns, we agree with Whiteford and will consider her claim on appeal despite her failure to raise it before the district court.

*Did Whiteford get sufficient notice that her probation could be revoked for her commission of a new crime?*

Our review of whether a district court complied with the requirements of due process when revoking an individual's probation is unlimited. *State v. Hurley*, 303 Kan. 575, 580, 363 P.3d 1095 (2016).

In a probation revocation proceeding, a probationer is undoubtedly entitled to due process, but the process due is not the same as rights owed in a criminal prosecution. *Hall*, 287 Kan. at 143; *State v. McGill*, 51 Kan. App. 2d 92, 96, 340 P.3d 515 (2015). When revoking probation, due process demands that the court comply with the minimum procedural safeguards outlined in *Gagnon v. Scarpelli*, 411 U.S. 778, 93 S. Ct. 1756, 36 L. Ed. 2d 656 (1973), and *Morrissey v. Brewer*, 408 U.S. 471, 92 S. Ct. 2593, 33 L. Ed. 2d 484 (1972). *State v. Walker*, 260 Kan. 803, 809, 926 P.2d 218 (1996).

A probationer's right to notice has limits. Thus, "due process does not require the State to assert that a probationer committed a new crime when giving notice of alleged probation violations"—even when the district court ultimately revokes probation for that reason. *State v. Miner*, No. 122,372, 2021 WL 401282, at *5 (Kan. App. 2021) (unpublished opinion) (citing *McGill*, 51 Kan. App. 2d at 97).

In *McGill*, the State's warrant alleged that McGill violated his probation by failing to provide proof of employment and by providing false paychecks to his probation officer. 51 Kan. App. 2d at 96-97. The district court revoked his probation based on its findings that McGill was not amenable to probation and had committed a new crime of "making a false information." 51 Kan. App. 2d at 97. McGill argued that this violated his due process rights because the State's warrant did not put him on proper notice of any new crime. McGill lost that argument, as the panel denied McGill's due process claim. It found McGill had been provided minimum due process rights because the probation revocation warrant alleged McGill had violated his probation, in part, "[o]n 4/25/13 and 5/6/13" when "the defendant provided false paychecks to his ISO." 51 Kan. App. 2d at 96-97; see also *State v. Wilson*, No. 118,572, 2018 WL 4655893, at *4 (Kan. App. 2018) (unpublished opinion) (rejecting claim that State's warrant did not provide adequate notice of a new crime violation). McGill thus had notice of the specific acts giving rise to a new crime and could defend against them.

7

Similarly, in *Miner*, 2021 WL 401282, at *1, the State alleged that the probationer violated his probation by engaging in "'assaultive behavior'" and being "'in possession of a firearm.'" Another panel of this court found that these phrases in the warrant, along with references to police reports and incident dates, provided sufficient notice that the State was alleging the probationer had violated his probation by committing new crimes. 2021 WL 401282, at *5. Because Miner had that notice, he was able to put on evidence to counter the alleged acts, or to choose not to.

To the contrary, in *State v. Scott*, No. 115,432, 2017 WL 2210442, at *5 (Kan. App. 2017) (unpublished opinion), another panel of this court held that Scott's due process rights were violated when the State presented one reason for revoking probation (unknown drug use), but the district court revoked his probation for a different reason (abusing drugs legally prescribed to Scott). The *Scott* court's rationale turned primarily on Scott's inability to defend against the allegations. Scott did not contest the State's allegation that he was under the influence. But the district court had "'moved the goal posts'" after he presented his defense that he was under the influence of his own prescription medications rather than alcohol or illegal drugs. 2017 WL 2210442, at *5.

The district court did not use a moving target here, making this case more like *McGill* and *Miner*, not *Scott*. And as in *McGill* and *Miner*, the State alleged facts on specific dates, rather than specifying a "new crime" or citing the criminal statute violated by Whiteford's acts. The affidavit supporting the motion to revoke probation, dated December 15, 2023, by Whiteford's probation officer, stated that Whiteford had violated the condition of probation that she would not carry, possess, or use drugs at any time while under program supervision. The affidavit alleged that Whiteford violated this term of her probation by failing a drug test and consistently using methamphetamine:

8

"The defendant was positive for methamphetamine on 11/20/2023 at 1:30 p.m. and admitted to using 'meth' on 11/19/2023.

. . . .

"The defendant admitted on 12/04/2023 to using 'meth' on 11/30/2023.

"The defendant admitted on 12/11/2023 to using 'meth' on 12/09/2023 and every other day since 11/23/2023 when her adopted father passed away."

This satisfies the notice requirements for a probation revocation hearing. The State gave notice of the acts that Whiteford allegedly committed with enough specificity for her to mount a defense.

Whiteford does not challenge the court's substantive finding that her continued use of methamphetamine and/or her drug test failure show by a preponderance of the evidence that she committed the new crime of methamphetamine possession while on probation. See *Roubideaux-Davis*, 2023 WL 5662765, at *7 (holding that admitted use of methamphetamine and failure of a drug test show possession of that drug sufficient for probation revocation purposes).

We thus conclude that Whiteford's due process rights were not violated. The district court's application of K.S.A. 2021 Supp. 22-3716(c)(7)(C)'s new crime exception to the intermediate sanctions regime was a proper exercise of the district court's discretion. Because the district court properly revoked her probation under the new crime exception to the intermediate sanctions structure found in K.S.A. 2021 Supp. 22-3716(c)(7)(C), we need not consider Whiteford's remaining two arguments.

Affirmed.

9