NOT DESIGNATED FOR PUBLICATION

No. 121,420

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

KELLY R. WALKER II,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; CHRISTOPHER M. MAGANA, judge. Opinion filed January 10, 2020. Appeal dismissed.

Submitted by the parties for summary disposition pursuant to K.S.A. 2018 Supp. 21-6820(g) and (h).

Before ARNOLD-BURGER, C.J., MALONE and POWELL, JJ.

PER CURIAM: Kelly R. Walker II appeals the district court's decision to impose an intermediate 120-day prison sanction after he stipulated to violating the terms and conditions of his probation. We granted Walker's motion for summary disposition pursuant to Supreme Court Rule 7.041A (2019 Kan. S. Ct. R. 47). The State has responded by asking us to dismiss the appeal as being both moot and untimely. For reasons explained below, we agree with the State and dismiss the appeal.

Pursuant to a plea agreement with the State, Walker pled guilty to possession of methamphetamine, a severity level 5 drug felony, and to driving while suspended, a class B misdemeanor. In exchange for Walker's plea, the State agreed to drop the remaining

1

two charges and recommend probation. On December 19, 2018, the district court granted Walker's request for border box findings and sentenced him to an overall sentence of 30 months in prison but placed him on probation from that sentence for a period of 18 months.

Just a few months into his probationary period, Walker admitted to violating the conditions of his probation by testing positive for controlled substances, waived his right to a hearing, and agreed to an intermediate two-day jail sanction. Then just a couple of weeks later, on April 29, 2019, the State sought to revoke Walker's probation on the grounds that he had again tested positive for controlled substances and had missed drug treatment sessions.

At a probation violation hearing on May 14, 2019, Walker stipulated to the violations and, through his counsel, asked the district court to impose the probation officer's recommendation of placement in residential community corrections. The district court agreed to place Walker in residential community corrections but ordered that he serve a 120-day prison sanction prior to his placement. Walker now appeals the district court's imposition of the intermediate sanction.

Walker argues on appeal that the district court abused its discretion by imposing the 120-day prison sanction. Once a probation violation has been established, the decision to modify the terms of probation is within the sound discretion of the district court. See *State v. Skolaut*, 286 Kan. 219, 227-28, 182 P.3d 1231 (2008). Judicial discretion is abused if the action "(1) is arbitrary, fanciful, or unreasonable, i.e., if no reasonable person would have taken the view adopted by the trial court; (2) is based on an error of law . . . ; or (3) is based on an error of fact." *State v. Jones*, 306 Kan. 948, Syl. ¶ 7, 398 P.3d 856 (2017). Walker bears the burden to show an abuse of discretion by the district court. See *State v. Rojas-Marceleno*, 295 Kan. 525, 531, 285 P.3d 361 (2012).

2

A district court's discretion concerning the imposition of probation violation sanctions is limited by the intermediate sanction provisions outlined in K.S.A. 2018 Supp. 22-3716. The district court is required to impose graduated intermediate sanctions before revoking an offender's probation. See K.S.A. 2018 Supp. 22-3716(c); *State v. Huckey*, 51 Kan. App. 2d 451, 454, 348 P.3d 997, *rev. denied* 302 Kan. 1015 (2015). At the time Walker violated the conditions of his probation, intermediate sanctions included a 2- or 3-day sanction of confinement in a county jail and a 120- or 180-day prison sanction. See K.S.A. 2018 Supp. 22-3716(c)(1)(B), (C), (D). With some exceptions, a district court may impose a 120-day prison sanction only after a 2- or 3-day jail sanction was previously imposed. K.S.A. 2018 Supp. 22-3716(c)(1)(C).

Here, it is undisputed that Walker violated the terms of his probation and that the district court had previously imposed the prerequisite two-day intermediate jail sanction. Therefore, the district court had the legal authority to impose the 120-day prison sanction. However, the State argues the question is moot because Walker has already served his 120-day prison sanction. See *State v. Montgomery*, 295 Kan. 837, 844, 286 P.3d 866 (2012). We agree because "[a]n issue is moot where any judgment of the court would not affect the outcome of the parties' controversy." *Manly v. City of Shawnee*, 287 Kan. 63, Syl. ¶ 4, 194 P.3d 1 (2008).

Effective July 1, 2019, the Legislature amended K.S.A. 22-3716 and removed the 120-day and 180-day intermediate prison sanction requirement prior to authorizing a probation revocation. In fact, stints in prison are no longer allowed as probation violation sanctions. L. 2019, ch. 59, § 10. In light of the fact that Walker has already served his intermediate prison sanction and the requirement that a 120-day prison sanction be a prerequisite to any probation revocation no longer exists, we cannot grant any relief to Walker because no matter what we do in this case, the district court would have the legal authority to revoke Walker's probation should he subsequently violate the conditions of his probation in the future. See *State v. McGill*, 51 Kan. App. 2d 92, 95, 340 P.3d 515

3

(date of probation violation determines applicability of intermediate sanction provisions of K.S.A. 22-3716), *rev. denied* 302 Kan. 1017 (2015). But even if the question were not moot, Walker fails to persuade us that the district court abused its discretion by imposing the 120-day intermediate prison sanction.

Finally, for the first time on appeal, Walker argues his sentence is illegal because it was improperly enhanced due to the district court increasing his criminal history score by considering his criminal history which had not been proven to a jury beyond a reasonable doubt. See *Apprendi v. New Jersey*, 530 U.S. 466, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000). The State argues this question is also moot because Walker never timely appealed his sentence within 14 days as required by K.S.A. 2018 Supp. 22-3608(c). See *State v. Inkelaar*, 38 Kan. App. 2d 312, 317-18, 164 P.3d 844 (2007) (defendant's notice of appeal timely only as to probation revocation and not as to original sentence) *rev. denied* 286 Kan. 1183 (2008). We agree because a claim that a sentence violates a constitutional provision does not make the sentence illegal within the meaning of K.S.A. 2018 Supp. 22-3504, allowing it to be corrected at any time. *State v. Warrior*, 303 Kan. 1008, 1010, 368 P.3d 1111 (2016). Nevertheless, even if this issue were not moot, the Kansas Supreme Court has rejected Walker's argument, and we are duty bound to follow it. See *State v. Ivory*, 273 Kan. 44, 46-48, 41 P.3d 781 (2002) (use of criminal history to enhance sentence not unconstitutional); *State v. Morton*, 38 Kan. App. 2d 967, 978-79, 174 P.3d 904 (Court of Appeals duty bound to follow Supreme Court precedent), *rev. denied* 286 Kan. 1184 (2008).

Appeal dismissed.