No. 101,575

STATE OF KANSAS, *Appellee*, v. KATRINA P. ALLEN, *Appellant*.

(268 P.3d 1198)

Opinion filed February 3, 2012.

*Meryl Carver-Almond*, of Kansas Appellate Defender Office, argued the cause, and *Rachel L. Pickering*, of the same office, was with her on the brief for appellant.

*Steven J. Obermeier*, assistant district attorney, argued the cause, and *Stephen M. Howe*, district attorney, *Ramsey A. Olinger*, legal intern, and *Steve Six*, attorney general, were with him on the brief for appellee.

The opinion of the court was delivered by

BEIER, J.: On petition for review, Katrina P. Allen appeals the Court of Appeals' affirmance of the district court's denial of her motion for specific performance of her plea agreement. Allen argues that the district court erred in releasing the State from its plea obligation to recommend probation at sentencing because she substantially complied with her obligations under the plea agreement. Because we hold that Allen failed to address a dispositive procedural holding of the Court of Appeals in her petition, we do not reach the merits of Allen's argument.

Allen was charged with two counts of possession of a controlled substance and one count of possession of drug paraphernalia. As a result of·a plea agreement, the State amended the complaint to one count of attempted possession of methamphetamine and dismissed the remaining charges.

The written agreement also provided in relevant part:

"[T]he above parties and counsel do hereby confirm that the following terms and conditions are mutually acceptable and shall be recommended to the Court at the time of sentencing or disposition of this case, *and are expressly conditioned on defendant appearing for sentencing as ordered*:

### "TERMS

"1. Defendant to plea[d] guilty to Amended Count I
"2. State to dismiss the balance
"3. Parties recommend low-box sentencing
"4. Probation per LSIR guidelines."

Allen entered her guilty plea on January 30, 2008. She failed to appear for her scheduled sentencing hearing on the morning of April 11, 2008, and the judge ordered issuance of a bench warrant. When Allen arrived at court later that day, the district judge vacated the bench warrant, but the State was no longer ready for sentencing, and Allen's counsel informed the judge that he needed more time to speak with the State about a motion for departure. The sentencing hearing was moved to April 30, 2008.

Allen again failed to appear for sentencing on April 30, and the district judge again issued a bench warrant.

Allen was arrested on September 15, 2008. At her eventual appearance in court on October 17, 2008, Allen attributed her lengthy absence to her attendance at her mother's funeral out of town. Sentencing was set for October 30, 2008, and Allen appeared as ordered.

In a written motion for specific performance and during argument in front of the district court, Allen's counsel took the position that the written agreement's express condition that Allen "appear for sentencing as ordered" was not a term of the plea agreement because it did not appear under the "TERMS" label. Counsel also argued that the requirement was vague and unenforceable. The

State was therefore bound to recommend that Allen, who was unwilling to withdraw her plea, receive probation.

The State responded that it was no longer bound by its promise to recommend probation and expressed willingness to rescind the entire agreement and take the original charges to trial.

The district judge sided with the State.

On appeal to the Court of Appeals, Allen argued that "the State was bound by its plea agreement because Ms. Allen substantially complied with the plea agreement," an argument she had not made in the district court. Allen did not renew the arguments she had made below. The Court of Appeals affirmed the district court on procedural and merit bases:

> "Allen argues for the first time on appeal that she substantially performed the contract, so the contract should be enforced. Issues not asserted before the trial court cannot be raised for the first time on appeal. *State v. Warledo*, 286 Kan. 927, 938, 190 P.3d 937 (2008). Allen claims no exception to this rule. Besides, her conduct can hardly be characterized as substantial performance. The breach was neither minor nor immaterial. See *Almena State Bank v. Enfield*, 24 Kan. App. 2d 834, 838, 954 P.2d 724 (1998). Nor did she make an honest effort in good faith to perform. It took a warrant for her arrest and an arresting officer to bring her before the court for the sentencing hearing she earlier had promised to attend. The district court did not err in denying Allen's motion for specific performance." *State v. Allen*, No. 101,575, 2010 WL 445928, at *1 (Kan. App. 2010) (unpublished opinion).

On petition for review to this court, Allen challenged only the Court of Appeals' merits-based holding. She did not challenge the Court of Appeals' independent and dispositive procedural holding, citing only one case discussing exceptions to the rule that appellate issues be preserved in the district court and then merely for the de novo standard of review governing interpretation of plea agreements.

Supreme Court Rule 8.03(a)(5)(c) (2011 Kan. Ct. R. Annot. 70) provides that "[i]ssues not presented in the petition [for review], or fairly included therein, will not be considered by the court"; permissive exception exists for plain error. Supreme Court Rule 8.03(g)(1) provides that "[t]he order granting review may limit the questions on review. If review is not limited, the issues before the Supreme Court include all issues properly before the Court of

Appeals that the petition for review or cross-petition allege were decided erroneously by the Court of Appeals."

Allen's argument that she was entitled to specific performance of the State's plea agreement obligation to recommend probation because she substantially performed was the only one "presented in" her petition or "fairly included therein." It is the only "issue" she alleges was "decided erroneously by the Court of Appeals." The procedural bar raised by her failure to preserve that argument or issue by presenting it to the district court, which was an alternative and sufficient basis for the Court of Appeals' affirmance, appears nowhere in her petition for review and, consequently, is not before this court. That holding stands, making any ruling this court might arrive at on the merits of Allen's claim worthless to her. See Holmes v. State, 292 Kan. 271, 284, 252 P.3d 573 (2011) (where defendant failed to present contrary ruling of Court of Appeals in petition for review, ruling not eligible for Supreme Court review); State v. Roberts, 293 Kan. 29, 33, 259 P.3d 691 (2011) (issue decided in defendant's favor not cross-petitioned by the State not before this court).

The judgment of the Court of Appeals is affirmed; the judgment of the district court is affirmed.

\* \* \*

JOHNSON, J., dissenting: I respectfully dissent. The general rule that an issue cannot be raised for the first time on appeal is not a jurisdictional bar to appellate review. There are "several exceptions to the general rule that an issue cannot be considered for the first time on appeal." Trotter v. State, 288 Kan. 112, 124, 200 P.3d 1236 (2009); see State v. Gomez, 290 Kan. 858, 862, 235 P.3d 1203 (2010). It is not uncommon for an appellate court to consider the merits of an issue which the district court did not first consider. When that occurs, the appellant should be able to infer that the appellate court has eschewed the general rule of issue preservation and has declined to resolve the matter on procedural grounds.

But the majority appears to suggest that an appellate court can declare an issue unreviewable as unpreserved but then proceed to nevertheless review the merits of the issue as an alternative basis

to bolster its decision that the issue is unreviewable. Besides having a Catch-22 feel, we have never, to my knowledge, declared such an "alternative basis" exception to the preservation rule. Apparently, the State was also unaware that an appellate court could simultaneously declare an issue unreviewable and then review it, thereby retaining the procedural basis for the decision even if the decision on the merits is erroneous. The State did not file a reply to Allen's petition for review; it did not file a supplemental brief to this court; it did not challenge whether this court could review the Court of Appeals' decision on the merits; and it certainly did not argue that an appellate court is permitted to make a conditional ruling on the merits which is effective only if its procedural ruling on preservation is erroneous. *Cf. State v. McCaslin*, 291 Kan. 697, 709, 245 P.3d 1030 (2011) (an issue not briefed is deemed waived and abandoned). The "alternative basis/conditional merits decision" holding is a figment of the majority's imagination, unsupported by any briefing or argument from the parties. I would not go there.

Further, the issue that Allen wanted the appellate courts to decide is whether the district court should have forced the State to perform under the plea agreement. The Court of Appeals decided that issue adversely to Allen. It is clear to me that Allen's petition for review alleged that the Court of Appeals' decision—on all alternative bases—was erroneous. I would review the merits.