IN THE SUPREME COURT OF THE STATE OF KANSAS

No. 109,272

STATE OF KANSAS,
*Appellee*,

v.

RAYBURN TAPPENDICK, JR.,
*Appellant.*

SYLLABUS BY THE COURT

1.

There are three exceptions to the general rule that a new legal theory may not be asserted for the first time on appeal: (a) the newly asserted theory involves only a question of law arising on proved or admitted facts; (b) the theory's consideration is necessary to serve the ends of justice or to prevent denial of fundamental rights; and (c) the district court reached the right conclusion but relied on the wrong ground or assigned a wrong reason for its decision.

2.

Failing to support an argument with pertinent authority or to show why it is sound despite a lack of supporting authority or in the face of contrary authority is akin to failing to brief an issue. Therefore, an argument that is not supported with pertinent authority is deemed waived and abandoned. Further, a point raised incidentally in a brief and not argued therein is also deemed abandoned.

Review of the judgment of the Court of Appeals in an unpublished opinion filed May 30, 2014. Appeal from Saline District Court; RENE S. YOUNG, judge. Opinion filed August 25, 2017. Judgment of the Court of Appeals affirming the district court is affirmed on the issue subject to review. Judgment of the district court is affirmed.

1

*Rachel L. Pickering*, of Kansas Appellate Defender Office, was on the brief for appellant.

*Christina Trocheck*, assistant county attorney, *Ellen Mitchell*, county attorney, and *Derek Schmidt*, attorney general, were on the brief for appellee.

The opinion of the court was delivered by

BILES, J.: Rayburn Tappendick pleaded no contest in 2011 to two counts of aggravated indecent liberties with a child for offenses committed in 2008. At the time of his plea, the Kansas Offender Registration Act (KORA), K.S.A. 22-4901 *et seq*., required lifetime registration. See K.S.A. 2016 Supp. 22-4906(d)(3). On appeal to the Court of Appeals, he argued for the first time that the lifetime requirement violated the Ex Post Facto Clause of the United States Constitution because at the time of the crimes they would have required only 10 years' registration. He also appealed from the district court's denial of his motion challenging lifetime postrelease supervision as cruel and unusual punishment, but that issue is not before us on review.

The State objected to the ex post facto claim being considered on appeal because it was not argued to the district court and, therefore, not properly preserved. The Court of Appeals panel agreed with the State. *State v. Tappendick*, No. 109,272, 2014 WL 2589712, at *2-3 (Kan. App. 2014) (unpublished opinion).

The panel correctly observed that constitutional grounds for reversal asserted for the first time on appeal were not properly before the court, citing *State v. Coman*, 294 Kan. 84, 89, 273 P.3d 701 (2012). 2014 WL 2589712, at *2. It also acknowledged there are three exceptions to this general rule:  (1) the newly asserted theory involves only a question of law arising on proved or admitted facts and the issue is finally determinative

2

of the case; (2) resolution of the question is necessary to serve the ends of justice or to prevent denial of fundamental rights; or (3) the district court reached the right conclusion but relied on the wrong ground or assigned a wrong reason for its decision. 2014 WL 2589712, at *2 (citing *In re Estate of Broderick*, 286 Kan. 1071, 1082, 191 P.3d 284 [2008] [listing exceptions]).

After considering the first two exceptions—the only two Tappendick mentioned— the panel ultimately declined to address the ex post facto issue. 2014 WL 2589712, at *3. In exercising its discretion, the panel first reasoned that the first exception could not apply because Tappendick failed to assert the ex post facto issue would be finally determinative of the case, one of the conditions that must be present for the exception to apply. It next reasoned Tappendick did not cite controlling legal authority on the merits of his ex post facto argument to support his claim that a decision on the merits would serve the ends of justice or prevent the denial of fundamental rights. The panel noted contrary authority showing "the Ex Post Facto Clause generally is not implicated by the provisions of KORA." *Tappendick*, 2014 WL 2589712, at *2 (citing *State v. Myers*, 260 Kan. 669, 700, 923 P.2d 1024 [1996]). The panel conceded *Myers* held "'unlimited public accessibility to the registered information' . . . of sex offenders . . . engages ex post facto protection" but believed that holding was abrogated by *Smith v. Doe*, 538 U.S. 84, 123 S. Ct. 1140, 155 L. Ed. 2d 164 (2003). *Tappendick*, 2014 WL 2589712, at *2-3 (citing *In re R.M.*, No. 109,154, 2013 WL 5870167, at *4 [Kan. App. 2013] [unpublished opinion] ["(A)pplying offender-registration requirements to past offenses doesn't violate the Ex Post Facto Clause."]).

In the issue statement of his petition for review, Tappendick asserted only that "the Court of Appeals incorrectly ruled that Mr. Tappendick could not raise an Ex Post Facto claim for the first time on appeal." Then, as he did in his Court of Appeals brief, he merely quoted the three exceptions and asserted without any explanation or argument that

this issue invoked the first two of these exceptions. He made no effort to challenge the panel's stated reasons for concluding he failed to satisfy the exceptions' requirements. No supplemental brief was filed as permitted by Supreme Court Rule 8.03(h)(3) (2017 Kan. S. Ct. R. 53). Under the circumstances, this is inadequate.

This court has held that a party must "challenge on petition for review a dispositive procedural holding of the Court of Appeals." *State v. Allen*, 293 Kan. 793, Syl. ¶ 3, 268 P.3d 1198 (2012); see also Rule 8.03(h)(1) (a party must allege an issue was decided erroneously by the Court of Appeals for the issue to be properly before the Supreme Court on petition for review). And even if we were to generously consider Tappendick's petition for review as referring to the panel's ultimate conclusion that his assertions were insufficient to satisfy an exception, he fails to rebut the panel's rationale with any argument or authority. See *Friedman v. Kansas State Bd. of Healing Arts*, 296 Kan. 636, 645, 294 P.3d 287 (2013) ("A failure to support an argument with pertinent authority or to show why it is sound despite a lack of supporting authority or in the face of contrary authority is akin to failing to brief the issue.").

We hold the petition for review fails to challenge the panel's decision not to consider Tappendick's ex post facto claim for the first time on appeal. Accordingly, we affirm.

STEGALL, J., not participating.

MICHAEL J. MALONE, Senior Judge, assigned.[1]

---

[1]**REPORTER'S NOTE:** Senior Judge Malone was appointed to hear case No. 109,272 vice Justice Stegall under the authority vested in the Supreme Court by K.S.A. 20-2616.