IN THE SUPREME COURT OF THE STATE OF KANSAS

No. 112,322

STATE OF KANSAS,
*Appellee*,

v.

GUADALUPE OCHOA-LARA,
*Appellant*.

SYLLABUS BY THE COURT

An appellant generally fails to preserve an issue for appellate review if he or she violates the provision in Kansas Supreme Court Rule 6.02(a)(5) (2020 Kan. S. Ct. R. 35) requiring a pinpoint citation to the location in the record on appeal where the appellant raised the issue in the district court or an explanation why the issue can be considered on appeal even though not raised in the district court.

Review of the judgment of the Court of Appeals in 52 Kan. App 2d 86, 362 P.3d 606 (2015). Appeal from Johnson District Court; KEVIN P. MORIARTY, judge. Opinion on remand filed December 4, 2020. Judgment of the Court of Appeals affirming the district court is affirmed. Judgment of the district court is affirmed.

*Rick Kittel,* of Kansas Appellate Defender Office, was on the brief for appellant.

*Steven J. Obermeier*, senior deputy district attorney, *Stephen M. Howe*, district attorney, and *Derek Schmidt*, attorney general, were on the brief for appellee.

1

The opinion of the court was delivered by

LUCKERT, C.J.: This case, involving an undocumented worker convicted for identity theft after using personal identifying information belonging to someone else to obtain employment, is back before this court following the United States Supreme Court's determination that state prosecution for identity theft is not preempted by federal law. *Kansas v. Garcia*, 589 U.S. ___, 140 S. Ct. 791, 206 L. Ed. 2d 146 (2020). The remaining question is whether two convictions for identity theft are multiplicitous. The State split the identity theft into two charges to cover the time periods before and after the identity theft statute changed in 2012. Guadalupe Ochoa-Lara argues this violates the Double Jeopardy Clause of the Fifth Amendment to the United States Constitution.

The Court of Appeals affirmed the convictions after rejecting the preemption argument and declining to address the multiplicity argument, finding that Ochoa-Lara failed to preserve it. *State v. Ochoa-Lara*, 52 Kan. App. 2d 86, 362 P.3d 606 (2015).

We, too, conclude Ochoa-Lara failed to preserve the multiplicity issue for appeal, and we thus affirm Ochoa-Lara's convictions.

FACTUAL AND PROCEDURAL BACKGROUND

The State charged Ochoa-Lara with two counts of identity theft and one count of making a false information for using personally identifying documents that did not belong to him and falsifying a federal I-9 form, which is used to verify the identity and employment authorization of individuals hired in the United States.

2

Before trial, Ochoa-Lara filed two motions to dismiss. The first motion argued that Count I should be dismissed because it alleged that Ochoa-Lara committed identity theft under K.S.A. 2011 Supp. 21-6107 on dates before that statute became effective as part of the recodification of the criminal code. The second motion attacked all three counts for lack of jurisdiction because prosecution by the State was preempted by federal immigration statutes.

At the hearing on the motion, the State dismissed Counts II and III. But the district court allowed the State to amend the complaint and split Count I into two separate charges—Count I covered dates before the recodified criminal code went into effect and a new Count IV covered dates after the effective date. Ochoa-Lara did not specifically object to splitting the charge in two but continued to argue the charges were preempted and must be dismissed. The district court denied Ochoa-Lara's motion to dismiss.

The case proceeded to a bench trial on stipulated facts. After receiving the facts, the district judge found Ochoa-Lara guilty of Counts I and IV. The court sentenced Ochoa-Lara to concurrent underlying 7-month sentences but granted 18 months' probation.

Ochoa-Lara appealed, renewing his argument that his prosecution was preempted by federal law and arguing for the first time that his convictions were multiplicitous. A panel of the Court of Appeals affirmed his convictions and sentence in *State v. Ochoa-Lara*, 52 Kan. App. 2d 86, 362 P.3d 606 (2015). This court reversed on preemption grounds without addressing the multiplicity argument. *State v. Ochoa-Lara*, 306 Kan. 1107, 1108, 401 P.3d 159 (2017). The United States Supreme Court reversed and remanded. *Kansas v. Garcia*, 589 U.S. ___, 140 S. Ct. 791, 206 L. Ed. 2d 146 (2020).

3

As noted, the only remaining issue for determination is Ochoa-Lara's multiplicity argument. But the Court of Appeals did not reach the merits of the issue. Instead, the Court of Appeals held Ochoa-Lara failed to preserve the issue for appellate review. *Ochoa-Lara*, 52 Kan. App. 2d at 95. The panel noted that the State's brief had pointed out that Ochoa-Lara failed to raise the issue in the district court. Yet "Ochoa-Lara chose not to submit a reply brief to respond to the Sate's preservation argument. Ochoa-Lara's brief does not comply with Rule 6.02(a)(5)." 52 Kan. App. 2d at 95 (citing Kansas Supreme Court Rule 6.02[a][5] [2014 Kan. Ct. R. Annot. 40]). This meant Ochoa-Lara made "no effort to articulate any of the exceptions that would allow us to consider this issue for the first time on appeal." 52 Kan. App. 2d at 95.

Kansas Supreme Court Rule 6.02(a)(5) (2020 Kan. S. Ct. R. 35) reads the same now as it did when Ochoa-Lara filed his Court of Appeals' brief. It requires an appellant to cite "a pinpoint reference to the location in the record on appeal where the issue was raised and ruled on" in the district court. Alternatively, "[i]f the issue was not raised below, there must be an explanation why the issue is properly before the court." Rule 6.02(a)(5). As the panel determined, Ochoa-Lara's brief before the Court of Appeals disregarded this rule, and he failed to explain why the issue was properly before the Court of Appeals.

Ochoa-Lara, in seeking this court's review of the issue, essentially concedes he failed to argue multiplicity in the district court and failed to explain to the Court of Appeals why the unpreserved issue could be considered for the first time on appeal. Citing *State v. Gomez*, 290 Kan. 858, 862, 235 P.3d 1203 (2010), but not explaining the reason for the citation, Ochoa-Lara summarily asserts: "Implicit in [an argument that the

4

defendant has suffered multiple punishments for a single offense] is that such an error must be corrected to serve the ends of justice and/or prevent a denial of fundamental rights." Ochoa-Lara then pivots to raising a new argument, contending the multiplicity issue is one of "sufficiency of evidence to sustain multiple convictions." He then suggests an appellant need not raise sufficiency issues in district court.

A party fails to satisfy the requirements of Rule 6.02(a)(5) by implicitly raising an argument as to why an issue is preserved. And Ochoa-Lara's citation to *Gomez* adds no substance to his "implicit" argument. *Gomez* discussed whether an appellate court should consider for the first time on appeal whether a sentence was cruel and unusual punishment. Ochoa-Lara thus does not even implicitly provide support or authority for considering his multiplicity argument for the first time on appeal. See *State v. Tague*, 296 Kan. 993, 1001, 298 P.3d 273 (2013) ("[F]ailure to support an argument with pertinent authority or to show why the argument is sound despite a lack of supporting authority or in the face of contrary authority is akin to failing to brief the issue.").

In essence, Ochoa-Lara, both before the Court of Appeals and here, ignores Rule 6.02(a)(5), cites no authority supporting his attempt to raise multiplicity for the first time on appeal, and fails to argue why his argument is sound despite the lack of supporting authority. Ochoa-Lara's pivot to sufficiency as a basis underscores the reasons our rule requires a party to argue which preservation exception applies:  Appellate courts cannot be left to divine the preservation argument a party might assert or the reasons a party might believe preservation is not required. This seems especially true when neither Ochoa-Lara's Court of Appeals brief nor his petition for review otherwise mentions the sufficiency of the evidence as an issue on appeal. Finally, Ochoa-Lara fails to explain how the Court of Appeals abused its discretion by failing to foresee the arguments he could make in his petition for review. See *State v. Johnson*, 310 Kan. 909, 912-13,

453 P.3d 281 (2019) (noting Court of Appeals preservation ruling subject to abuse of discretion review); *State v. Parry*, 305 Kan. 1189, 1192, 390 P.3d 879 (2017) (explaining that "preservation is a prudential rule, rather than a jurisdictional bar" and thus reviewing a Court of Appeals decision to reach or not reach an unpreserved issue for abuse of discretion).

Ochoa-Lara failed to preserve the multiplicity argument. We thus affirm the Court of Appeals and the district court.

Judgment of the Court of Appeals affirming the district court is affirmed. Judgment of the district court is affirmed.

BEIER, J., not participating.
MICHAEL E. WARD, Senior Judge, assigned.[1]

---

[1]**REPORTER'S NOTE:** Senior Judge Ward was appointed to hear case No. 112,322 vice Justice Beier under the authority vested in the Supreme Court by K.S.A. 20-2616.