NOT DESIGNATED FOR PUBLICATION

No. 122,372

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

ARTHUR L. MINER,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; KEVIN J. O'CONNOR, judge. Opinion filed February 5, 2021. Affirmed.

*Kai Tate Mann*, of Kansas Appellate Defender Office, appellant.

*William A. Lowe*, legal intern, *Lance J. Gillett*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before GARDNER, P.J., SCHROEDER, J. and WALKER, S.J.

PER CURIAM: Arthur L. Miner appeals the district court's revocation of his probation and imposition of his underlying sentence. Finding no error, we affirm.

*Factual and Procedural Background*

As a part of an August 2018 plea agreement with the State, Miner pleaded guilty to one count of possession of methamphetamine. The district court sentenced Miner to 22 months in prison and 12 months of postrelease but placed him on probation for 12

1

months. The district court told Miner his conditions of probation and that he was prohibited from carrying a weapon.

Miner later stipulated to having violated his probation by using drugs or alcohol three times. He served a 3-day sanction for his November 2018 violations, a 2-day sanction for his February 2019 violations, and a 30-day sanction with an order to complete inpatient substance abuse treatment upon release for his May 2019 violations.

In September 2019, the district court found Miner had violated his probation again by failing to report an address change to his supervising officer and by possessing marijuana plants. The district court imposed a 48-hour jail sanction and extended Miner's probation for six months.

In November 2019, the State alleged Miner had again violated the conditions of his probation. Its warrant alleged that Miner had "engaged in assaultive behavior" and "was in possession of a firearm." The district court held an evidentiary hearing to consider those violations. At the beginning of the revocation hearing, the State asked the district court to take judicial notice of Miner's 2018 felony possession of methamphetamine conviction which established Miner's criminal possession of a firearm. The district court granted that request.

The victim of the actions alleged in the State's warrant then testified as follows. Miner entered her home and accused her and her girlfriend of taking his son's firearm. Miner and his son returned the next morning, both brandishing firearms, and threatened them while demanding the return of the missing weapon. The victim did not report the incident to police until about a week later.

Miner's probation officer testified that she had warned Miner not to go to the victim's house after he had told her that things there were "not necessarily good." Miner

told her the place was a squatter's house where people who absconded from probation were staying.

Miner also testified. He admitted going to the victim's house but said he did so to get his friend out of there because it had become a "flop house" where drug users could go to "crash." Miner denied brandishing a firearm, denied threatening the victim, and denied that his probation officer had warned him not to go to there.

The district court found the victim's testimony more credible than Miner's. It concluded that the State established by a preponderance of the evidence that Miner had committed the new crimes of aggravated assault and criminal possession of a firearm. The district court also found that Miner violated the conditions of his probation and was not amenable to probation. The district court revoked Miner's probation and ordered him to serve his original prison sentence.

Miner timely appeals. Miner first argues that the State violated his due process rights by failing to allege specifically enough that he had committed new crimes or violated the terms of his probation. Miner also contends that the probation condition prohibiting him from possessing a firearm violates his constitutional right to bear arms, as secured in section 4 of the Kansas Constitution Bill of Rights. Because that condition is invalid, he contends, the district court's decision to revoke his probation under that condition is void.

*We decline to reach Miner's unpreserved Kansas Constitution argument.*

We first address the State's argument that Miner failed to preserve his section four constitutional argument. Miner concedes that he failed to preserve either of his arguments for appeal. Issues not raised before the district court generally cannot be raised on appeal. See *State v. Kelly*, 298 Kan. 965, 971, 318 P.3d 987 (2014). Appellate courts are not

courts of first resort—our role is not to make findings but merely review those made by the district court. See *State v. Thomas*, 288 Kan. 157, 161, 199 P.3d 1265 (2009).

Our Supreme Court requires an appellant to explain why we should consider for the first time on appeal an issue not raised earlier. Supreme Court Rule 6.02(a)(5) (2020 Kan. S. Ct. R. 34). It has warned that litigants who skirt Rule 6.02(a)(5) "risk a ruling that an issue improperly briefed will be deemed waived or abandoned." *State v. Williams*, 298 Kan. 1075, 1085, 319 P.3d 528 (2014). The court has also emphasized that we should strictly enforce Rule 6.02(a)(5) and that failure to follow it could cause abandonment of the claim. See *State v. Godfrey*, 301 Kan. 1041, 1044, 350 P.3d 1068 (2015); *Williams*, 298 Kan. at 1085.

Miner's reply brief asserts that we may consider his unpreserved claim because it is necessary to serve the ends of justice. Miner quotes section 4 of the Kansas Constitution Bill of Rights and alleges that it provides "an express right to possess a firearm, without limitation." The Kansas Appellate Defender Office has recently raised similar claims in other cases, but different panels of this court declined to review them, finding them unpreserved. See, e.g, *State v. Johnson*, No. 121,187, 2020 WL 5587083, at *5-6 (Kan. App. 2020) (unpublished opinion), *petition for rev. filed* October 19, 2020; *State v. Tucker*, No. 121,260, 2020 WL 7293619, at *7 (Kan. App. 2020) (unpublished opinion), *petition for rev. filed* January 11, 2021. We do the same here.

Miner fails to explain why this issue is properly before us even though he did not raise it in the district court. Miner's argument is like the one our Supreme Court recently rejected in *State v. Ochoa-Lara*, 312 Kan. 446, 476 P.3d 791 (2020). There, the appellant claimed that "'[i]mplicit in [appellant's argument] is that such an error must be corrected to serve the ends of justice and/or prevent a denial of fundamental rights.'" 476 P.3d at 793. But the *Ochoa-Lara* court explicitly rejected this argument: "A party fails to satisfy the requirements of Rule 6.02(a)(5) by implicitly raising an argument as to why an issue

4

is preserved." 476 P.3d at 793. And the fact that an argument is based on a right contemplated by the federal or state Bill of Rights does not mean, as a matter of course, that it need not be raised before the district court.

"The decision to review an unpreserved claim under an exception is a prudential one. Even if an exception would support a decision to review a new claim, this court has no obligation to do so." *State v. Gray*, 311 Kan. 164, Syl. ¶ 1, 459 P.3d 165 (2020). Appellate courts generally avoid making unnecessary constitutional decisions, see *Wilson v. Sebelius*, 276 Kan. 87, 91, 72 P.3d 553 (2003), and issuing advisory opinions, see *State ex rel. Schmidt v. City of Wichita*, 303 Kan. 650, 659, 367 P.3d 282 (2016). Miner had the opportunity to present his arguments to the district court yet failed to do so. This failure deprived the trial judge of the opportunity to address the issue in the context of this case and such an analysis would have benefitted our review. We therefore decline to address his unpreserved section four constitutional argument on appeal.

*We reach Miner's unpreserved due process claim.*

Miner argues that we may reach the merits of his unpreserved due process claim because the issue raises only a question of law that determines the case. The State addresses this claim on the merits and we choose to do the same.

*Standard of Review*

We review the district court's decision to revoke probation for an abuse of discretion. *State v. Hurley*, 303 Kan. 575, 580, 363 P.3d 1095 (2016). A district court abuses its discretion when its decision is arbitrary, fanciful, or unreasonable; is based on an error of law; or is based on an error of fact. *State v. Gonzalez-Sandoval*, 309 Kan. 113, 126-27, 431 P.3d 850 (2018). Miner, as the party alleging an abuse of discretion, bears

the burden of showing that abuse. See *State v. Rojas-Marceleno*, 295 Kan. 525, 531, 285 P.3d 361 (2012).

A district court "has no 'discretion in a probation revocation proceeding until the evidence establishes a probation condition violation.'" *State v. Lloyd*, 52 Kan. App. 2d 780, 782, 375 P.3d 1013 (2016) (quoting *State v. Garcia*, 31 Kan. App. 2d 338, 341, 64 P.3d 465 [2003]). The State must establish, by a preponderance of the evidence, that the probationer has violated the terms of his or her probation. "'A preponderance of the evidence is established when the evidence demonstrates a fact is more probably true than not true.'" 52 Kan. App. 2d 782 (quoting *State v. Inkelaar*, 38 Kan. App. 2d 312, 315, 164 P.3d 844 [2007]). We review the district court's factual findings for substantial competent evidence. *Inkelaar*, 38 Kan. App. 2d at 315. But when determining whether a district court ultimately complied with due process requirements in revoking a defendant's probation, we apply an unlimited standard of review. *Hurley*, 303 Kan. at 580.

*Probationers are entitled to the due process right to adequate notice.*

The revocation of a defendant's probation is not part of a criminal prosecution so the full panoply of rights in a criminal case does not apply to a probation revocation proceeding. *State v. Galaviz*, 296 Kan. 168, 174, 291 P.3d 62 (2012). Still, to revoke probation, a district court must conform to due process. In *Morrissey v. Brewer*, 408 U.S. 471, 488-89, 92 S. Ct. 2593, 33 L. Ed. 2d 484 (1972), the United States Supreme Court established minimum due process rights for parolees then extended those rights to probationers in *Gagnon v. Scarpelli*, 411 U.S. 778, 782, 93 S. Ct. 1756, 36 L. Ed. 2d 656 (1973). These due process rights include written notice of the claimed probation violations and disclosure of the evidence against the probationer:

> "'Minimum due process includes written notice of the claimed violations of probation, disclosure to the probationer of the evidence against him or her, the opportunity to be

6

heard in person and to present evidence and witnesses, the right to confront and cross-examine adverse witnesses, a neutral and detached hearing body, and a written statement by the factfinder as to the evidence relied on and reasons for revoking probation. The probationer also has a right to the assistance of counsel.' *State v. Billings*, 30 Kan. App. 2d 236, 238, 39 P.3d 682 (2002) (citing *Black v. Romano*, 471 U.S. 606, 612, 105 S. Ct. 2254, 85 L. Ed. 2d 636 [1985])." *Hurley*, 303 Kan. at 582.

Our Supreme Court has held that the statute governing probation revocations—now K.S.A. 2019 Supp. 22-3716—satisfies all constitutional requirements necessary in probation revocation proceedings. *State v. Rasler*, 216 Kan. 292, 296, 532 P.2d 1077 (1975).

*The warrant complied with due process.*

K.S.A. 2019 Supp. 22-3716(b)(1) provides that after a person is arrested and detained for violating the terms of probation, the supervising officer must immediately notify the court and submit a written report detailing how the probationer violated the conditions of probation. Here, the State filed a warrant in which Miner's probation officer alleged that Miner had "violated the terms and conditions of [his] supervision" by twice engaging in "assaultive behavior" and by possessing a firearm. The warrant referenced related incident reports from the Wichita Police Department, which specified dates and events.

The warrant also explained that Miner had been released to community corrections after his sentence was suspended on the following terms and conditions:

"**That the defendant shall abide by the rules and regulations of said program, to include**:

"1.  That the defendant understands that assaultive behavior, violence or threats of violence are totally unacceptable and agrees not to engage in this type of physical

behavior. The defendant also understands that assaultive behavior can include verbal and physical assaults.

. . . .

"3. That the defendant shall not own, possess, purchase, receive, sell or transport any firearms, ammunition or explosive devices or any dangerous weapons as defined by the Federal, State or Municipal laws or ordinances."

Miner's sole claim is that the State's warrant provided insufficient notice because it "failed to allege that [he] had committed a new crime" and "did not allege violations of the conditions of [his] probation." He cites *State v. Scott*, No. 115,432, 2017 WL 2210442, at *3 (Kan. App. 2017) (unpublished opinion), as support for the basic principle that the State's written notice must allege probation violations with enough specificity to allow a defendant to accurately respond.

### *Violation of probation condition*

In *Scott*, a warrant alleged that Scott appeared to be under the influence of an unknown substance on a specific date. The State claimed this violated the condition of his probation that he "not possess or consume any type of alcohol or drugs unless they are prescribed for him by a licensed physician." 2017 WL 2210442, at *4. After the hearing, the district court found that Scott violated his probation by either using "an unknown substance or . . . knowingly misusing his prescribed medications." 2017 WL 2210442, at *2. We found a due process violation because the district court relied on Scott's misuse of prescribed medications, a condition not alleged in the State's warrant. 2017 WL 2210442, at *4-5.

But *Scott*'s facts are significantly different than Miner's. Here, the district court relied on the same condition stated in the State's warrant as one of its bases for revoking Miner's probation. The district court revoked Miner's probation based on condition violations and the commission of new crimes. At the close of the evidentiary hearing, the

district court—referencing the many times Miner violated his probation—explained it was sending Miner to serve his prison sentence because Miner could not "comply with the terms and conditions of his probation." And the district court's journal entry of revocation reflects that it held a hearing because of Miner's violation of his probation conditions and his commission of new crimes.

The district court also found that the allegations in the State's warrant were true and supported by the evidence. The State's warrant alleged that Miner violated the condition that he would "abide by the rules and regulations" of the community corrections program. Miner was notified of this condition of his probation at sentencing. This condition required Miner to "[o]bey rules, regulations of probation and all lawful orders of probation officer." Although Miner seemingly challenges this condition as overly broad, the State's warrant also stated the specific rules that Miner violated, including not engaging in "assaultive behavior" or possessing a firearm or any other dangerous weapon.

Miner argues that the State did not prove that these specific rules were conditions of his probation or that they were rules Miner had to follow as a part of the conditions listed. True, the specific rules were not specifically listed in the terms of Miner's probation. But a reasonable person could find that the rules against assaultive behavior and possession of a weapon would fall under the general standard of obeying by the program's rules and regulations. Cf. *State v. George*, No. 117,236, 2018 WL 1770451, at *3 (Kan. App. 2018) (unpublished opinion) (substantial competent evidence supported district court's violation finding even though the defendant's general probation condition of obeying rules and regulations did not specifically list threatening staff or showing frustration as rules defendant had to abide by).

9

*Commission of new crimes*

Miner also argues that the warrant failed to allege that he committed a new crime. He admits that one of his conditions of probation was to "[o]bey all laws of the US, the state of Kansas and any other jurisdiction to which defendant may be subject." Miner argues that because the State alleged that he committed assaultive behavior and illegally possessed a firearm, its warrant should have alleged that he violated the "obey all laws" condition because that would have provided greater specificity. See *State v. Lyon*, 58 Kan. App. 2d 474, 481, 471 P.3d 716 (2020).

Our court has found that due process does not require the State to assert that a probationer committed a new crime when giving notice of alleged probation violations. *State v. McGill*, 51 Kan. App. 2d 92, 97, 340 P.3d 515 (2015). In *McGill*, the State's warrant alleged that McGill violated his probation by failing to provide proof of employment and by providing false paychecks. The district court revoked his probation based on its findings that McGill was not amenable to probation and had committed a new crime of "making false information." 51 Kan. App. 2d at 97. There, as here, the defendant argued that his due process rights were violated because the State's warrant did not put him on proper notice of a new crime. But we denied McGill's due process claim, finding McGill had been provided minimum due process rights. 51 Kan. App. 2d at 97. See *State v. Wilson*, No. 118,572, 2018 WL 4655893, at *4 (Kan. App. 2018) (rejecting claim that the State's warrant did not provide adequate notice of a new crime violation).

The terms "assaultive behavior" and "possession of a firearm," when coupled with the reference to the police reports and the dates these crimes allegedly happened, provided Miner with sufficient notice that the State was alleging Miner violated his probation by committing new crimes.

We find it unnecessary to address whether Miner has met his additional burden to establish prejudice from any due process violation. See *State v. Sherman*, 305 Kan. 88, 109, 378 P.3d 1060 (2016).

Affirmed.