IN THE SUPREME COURT OF THE STATE OF KANSAS

No. 120,030

EMMANUEL ELLIE,
*Appellee*,

v.

STATE OF KANSAS,
*Appellant*.

SYLLABUS BY THE COURT

An appellant generally fails to preserve an issue for appellate review if he or she violates the provision in Kansas Supreme Court Rule 6.02(a)(5) (2020 Kan. S. Ct. R. 34) requiring (1) a pinpoint citation to the location in the record on appeal where the appellant raised the issue in the district court or (2) an explanation why the issue can be considered on appeal even though not raised in the district court.

Review of the judgment of the Court of Appeals in an unpublished opinion filed August 23, 2019. Appeal from Johnson District Court; SARA WELCH, judge. Opinion filed March 5, 2021. Judgment of the Court of Appeals affirming in part and reversing in part the district court is affirmed in part and reversed in part. Judgment of the district court is affirmed.

*Shawn E. Minihan,* assistant district attorney, *Stephen M. Howe*, district attorney, and *Derek Schmidt*, attorney general, were on the brief for appellant.

*Emmanuel Ellie*, appellee, was on the brief pro se.

1

The opinion of the court was delivered by

LUCKERT, C.J.: Kansas Supreme Court Rule 6.02(a)(5) (2020 Kan. S. Ct. R. 35) requires an appellant to cite "a pinpoint reference to the location in the record on appeal where the issue was raised and ruled on" in the district court. Alternatively, "[i]f the issue was not raised below, there must be an explanation why the issue is properly before the court." (2020 Kan. S. Ct. R. 35.) Because the appellant State of Kansas fails to comply with Rule 6.02(a)(5), we decline to reach the issue it raises before us, and we affirm the district court.

FACTUAL AND PROCEDURAL BACKGROUND

The State charged Emmanuel Ellie with three counts: aggravated battery, rape, and aggravated kidnapping. Ellie retained Missouri attorney Paul Franco, who hired Mike Hagerdon as local counsel. The district court revoked Franco's pro hac vice admission on the State's motion. Hagerdon replaced Franco as counsel of record and represented Ellie through trial. The jury convicted Ellie on all three counts. Ellie appealed, and the Court of Appeals affirmed on direct review. *State v. Ellie*, No. 110,454, 2015 WL 2342137 (Kan. App. 2015) (unpublished opinion).

Ellie later filed a motion under K.S.A. 60-1507 for relief from his convictions. He argued Hagerdon had a personal and financial conflict of interest that adversely affected his performance in Ellie's criminal action. He alternatively argued that the numerous ways in which Hagerdon failed to effectively represent him caused prejudice which, when accumulated, required the court to reverse his convictions. At an evidentiary hearing on Ellie's motion, Hagerdon testified he took over as lead counsel because he knew Franco could not afford to repay any fee Ellie and his family advanced. Hagerdon

2

remained in the case without compensation "[t]o protect Franco." Hagerdon received some money from Ellie's family for investigative services. But the investigation did not occur because the money provided by Ellie's family did not cover the cost of the requested services. Hagerdon acknowledged Ellie should have fired him and asked the court to appoint the public defender and to allow for investigative and expert services. Hagerdon said Ellie "needed more help than I could provide him." Hagerdon testified he lacked time to adequately prepare for Ellie's case, at one point stating, "I have bills to pay."

The district court concluded an actual conflict of interest existed between Ellie and Hagerdon's financial interests and that the conflict adversely affected Hagerdon's representation of Ellie. The district court did not believe caselaw required Ellie to show prejudice caused by the adverse effect. Thus, having found a conflict of interest that adversely affected the representation, the district court set aside Ellie's convictions without determining whether prejudice resulted from the adverse effect.

The court alternatively concluded the many ways in which Hagerdon's ineffective representation supported granting Ellie a new trial. The district court focused on Hagerdon's (1) failure to move to exclude certain evidence; (2) comments during closing argument; (3) failure to file a timely rape shield motion; (4) failure to locate the alleged victim; (5) failure to adequately prepare for trial; and (6) failure to research and explain the State's upward durational departure motion to Ellie. The district court held that the cumulative prejudice caused by these errors required reversal of his convictions.

The State appealed. It raised two issues, arguing the district court erred in concluding that (1) Ellie did not have to establish prejudice to have his convictions set aside and (2) cumulative prejudice from the various instances of ineffective assistance of

3

counsel required reversal. The State in its briefing agreed "that Mr. Hagerdon had an actual conflict of interest that affected his representation of Ellie." But it argued the district court needed to find both deficient performance *and* prejudice under the standard set out in *Strickland v. Washington*, 466 U.S. 668, 689, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). It argued the district court erred by instead applying the adverse effect standard from *Culyer v. Sullivan*, 446 U.S. 335, 100 S. Ct. 1708, 64 L. Ed. 2d 333 (1980).

In making this argument, the State failed to provide a pinpoint citation to the portion of the record where it asserted this position in the district court. The State cited volumes 4 and 41 but gave no page number. The State did not cite to its district court briefing, nor did it designate this briefing for inclusion in the appellate record. Despite the lack of a pinpoint cite, the State did not argue the issue could be raised for the first time on appeal.

Ellie argued in his brief to the Court of Appeals that the State had conceded during district court proceedings that the *Culyer* adverse effect standard was the correct standard for the district court to apply.

Ellie quoted what he identified as a brief the State had filed in the district court and asserted the State had conceded before the district court that the *Culyer* adverse effect standard applied. He argued the State had waived any argument for applying the *Strickland* prejudice standard by making this concession.

The State did not file a reply brief before the Court of Appeals to rebut Ellie's argument, even though such a brief was permitted under Supreme Court Rule 6.05 (2020 Kan. S. Ct. R. 34). Nor did the State move to supplement the record with its district court briefing so an appellate court could determine what the State argued below.

4

The Court of Appeals made no comment on Ellie's argument about the State's failure to preserve the issue. Instead, the panel affirmed the district court's reversal of convictions in part based on accumulated prejudice caused by Hagerdon's ineffective assistance of counsel. The panel found overwhelming evidence precluded reversal of Ellie's aggravated battery count, but it affirmed the district court's cumulative prejudice ruling on rape and aggravated kidnapping based on its conclusion that these convictions were supported by sufficient, but not overwhelming, evidence. See *Ellie*, 2019 WL 3979119, at *10-11.

The Court of Appeals panel did not discuss the district court's alternative ruling, however. Instead it held that it would "not address the issue of whether there was a substantial financial conflict of interest as our first finding makes further findings unnecessary." 2019 WL 3979119, at *1.

Ellie filed a petition for review arguing the Court of Appeals panel erred by failing to consider whether the conflict of interest independently and alternatively required reversing his convictions. The State cross-petitioned asking us to consider the panel's reversal of Ellie's aggravated kidnapping and rape convictions.

We have jurisdiction under K.S.A. 20-3018(b) (providing for petitions for review of Court of Appeals decisions) and K.S.A. 60-2101(b) (Supreme Court has jurisdiction to review Court of Appeals decisions upon petition for review).

5

Ellie makes a valid point in his petition for review. He argues the Court of Appeals panel erred by not considering both alternative rationales for the district court's decision: (1) the financial conflict of interest, under which the district court applied a presumption of prejudice and (2) numerous grounds existed for finding ineffective assistance of counsel and those failures caused prejudice that, when accumulated, require reversal of the convictions. By addressing only the cumulative prejudice rationale, the panel left standing the district court's holding that Ellie was entitled to a new trial on *all* convictions because of Hagerdon's financial conflict of interest.

Often when the Court of Appeals fails to address a potentially dispositive issue, we remand the appeal for the panel's reconsideration. Here we need not do that because the State has failed to preserve the disputed aspect of the conflict of interest argument for appeal. The State concedes a conflict of interest existed but argues the district court erred by applying *Culyer*'s adverse effect standard, 446 U.S. at 348-49, rather than *Strickland*'s deficient performance *and* prejudice standard, 466 U.S. at 689-92. But the State fails to show us where it argued in the district court that the *Strickland* standard applied to the financial conflict of interest. Such a failure to show that an argument was presented in the district court may foreclose consideration of the party's argument on appeal. See *State v. Ochoa-Lara*, 312 Kan. 446, Syl., 476 P.3d 791 (2020). And, indeed, it does so here.

Supreme Court Rule 6.02(a)(5) reads the same now as it did when the State filed its brief before the Court of Appeals. Rule 6.02(a)(5) requires an appellant to cite "a pinpoint reference to the location in the record on appeal where the issue was raised and ruled on" in the district court. Alternatively, "[i]f the issue was not raised below, there

must be an explanation why the issue is properly before the court." Rule 6.02(a)(5) (2020 Kan. S. Ct. R. 35.)

We are unable to find a pinpoint reference showing where the State argued to the district court that the *Strickland* standard applied to the court's consideration of the financial conflict of interest. In briefing the *Strickland* argument before the Court of Appeals and this court, the State cites two volumes of the district court transcript as purported support for a conclusion that it argued that the *Strickland* prejudice standard should be applied to the financial conflict of interest rather than the adverse effect test articulated in *Cuyler*. Those two volumes contain more than 250 pages. And the State did not direct us to a specific page number—that is, to a pinpoint citation. Despite our efforts to find the needle in the haystack, we find the argument nowhere in the 250 pages.

Absent from the record is the State's briefing to the district court that might show whether the State in fact made this argument to the district court. While our court rules do not require this briefing be included in the record on appeal, they allow a party to add such items to the record. See Supreme Court Rules 3.01(b)(1), 3.02(c)(1) (2020 Kan. S. Ct. R. 19). Prudence would counsel future litigants both to avail themselves of the opportunity to include any briefing in which they argued a position they wish to pursue on appeal and to cite to where they argued the position with pinpoint citation.

In essence, the State, both before the Court of Appeals and here, fails to comply with Rule 6.02(a)(5), because it fails to provide a pinpoint cite to where it argued that *Strickland* applies to a financial conflict. And the State fails to argue—either in its briefs to the Court of Appeals or in filings submitted to this court—any reason for an appellate court to consider the issue for the first time on appeal. It thus asks us to resolve an issue it failed to preserve for our consideration on review.

7

The district court here set aside Ellie's convictions on alternative bases, either of which was sufficient to support the court's actions. We have found the State failed to preserve its challenge to one of those bases. Because that one ground suffices to affirm the district court, we find it unnecessary to address that court's alternative rationale that cumulative error supports its judgment or the State's cross petition. Ellie's convictions would still be set aside based on the procedural bar to the State's challenge to the standard for considering the financial conflict of interest. Cf. *State v. Novotny*, 297 Kan. 1174, 1180, 307 P.3d 1278 (2013) (declining to reach merits when alternative ruling that was unchallenged would stand); *State v. Allen*, 293 Kan. 793, 268 P.3d 1198 (2012) (declining to reach merits on review where appellant failed to challenge an alternative and sufficient basis for Court of Appeals' decision affirming the district court).

We thus affirm that portion of the Court of Appeals' holding affirming the district court's decision to reverse Ellie's aggravated kidnapping and rape convictions, although we do so on different grounds. See *State v. Toothman*, 310 Kan. 542, 553, 448 P.3d 1039 (2019) (affirming as right for the wrong reason that portion of Court of Appeals' decision reaching correct outcome despite erroneous reasoning). We reverse the portion of the Court of Appeals' opinion holding the district court erred in reversing Ellie's aggravated battery conviction. We affirm the district court's decision to reverse all of Ellie's convictions based on the financial conflict of interest of his trial counsel.

Judgment of the Court of Appeals affirming in part and reversing in part the district court is affirmed in part and reversed in part. Judgment of the district court is affirmed.

8