NOT DESIGNATED FOR PUBLICATION

No. 124,217

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

In the Matter of the Name Change of
RONNELL JEROME BURNETT.

MEMORANDUM OPINION

Appeal from Reno District Court; KEITH SCHROEDER, judge. Opinion filed February 4, 2022.
Affirmed.

*Ronnell J. Burnett*, for appellant pro se.

*Jon D. Graves*, legal counsel, of Department of Corrections, for appellee.

Before ATCHESON, P.J., HILL and GARDNER, JJ.

PER CURIAM: Ronnell Jerome Burnett, acting pro se, petitioned the Reno County
District Court to change his name. The district court determined that the poverty affidavit
Burnett had filed in support of his petition was insufficient and explained that it would
dismiss the case if Burnett failed to pay the $195 filing fee within 30 days. Burnett failed
to pay the fee and, over 100 days later, the district court dismissed his petition for failure
to pay the fee and failure to prosecute his case. Burnett timely appeals, yet we find no
error and affirm.

*Factual and Procedural Background*

Burnett filed several documents in the Reno County District Court. First, under
K.S.A. 60-1402, he petitioned to change his name to Mfalme Hodari Durojaiye Akhalu-

1

Al. Second, Burnett filed a document he titled "Affidavit of Financial Statement." That affidavit cites the United States Constitution and states:

> "I Affirm, for the record, that I do not have, or possess, any gold or silver coins, as prescribed by United States Constitutional Law, which is lawful money to pay the restricting demands (i.e. "Pay FILING FEE $195" {$____DOCKET FEE + $____ SURCHARGE}), conditionally commanded by Employees and Contractors of the Court."

The affidavit also alleges that it was being submitted as a "Writ 'In Forma Pauperis'" and alleges that "Your demand for a FILING FEE is used as an instrument to deny me Due Process of Law and my right to free access to the courts."

Burnett filed a third document that same day titled "Affidavit of Common-Law Copyright." The document reads "In the Nature of and for a Peace Declaration I, Mfalme Hodari Drojaiye Akhalu-Al, am a Living Soul, A Sovereign, Private Human Being." It rejects the existence of, among other things, courts, judges, lawyers, Kansas, and the city of Hutchinson. The fourth and fifth documents are titled "Judicial Notice and Proclamation" and "Notice of Public Records Correction."

Five days later, the Reno County District Court found Burnett's poverty affidavit insufficient so required him to pay the docket fee to file his petition. The next day, the Clerk of the District Court informed Burnett of that decision:

> "The Poverty Affidavit filed in this case was not approved. Per the enclosed Poverty Affidavit Ruling – Inmate filing, the Court intends to dismiss this action unless the $195.00 docket fee is paid within 30 days."

In response, Burnett filed what he called an "Affidavit of Truth in Support of Demand for Production of Evidence Superior to Article 1 Section 10 and Article VI of

2

the U.S. Constitution / Affidavit of Financial Statement / Exercise of Constitutionally-Secured Right to Due Process." It cited a 2019 Kansas Supreme Court case indicating no filing fee was required because Burnett had filed a poverty affidavit.

About three months later, Burnett asked about his name change petition. The district court then dismissed Burnett's name change petition because of Burnett's failure to pay the filing fee and failure to prosecute the petition for name change. The Clerk of the District Court informed Burnett of the order that same day.

Burnett appeals.

*Did the District Court Err in Dismissing Burnett's Petition for Failure to Pay a Filing Fee?*

K.S.A. 2020 Supp. 60-2001(a) requires plaintiffs filing a civil action in district court pay a docket fee. *Antalek v. State*, No. 120,311, 2020 WL 4251034, at *2 (Kan. App. 2020) (unpublished opinion). That statute provides:

> "(a) *Docket fee*. Except as otherwise provided by law, no case shall be filed or docketed in the district court, whether original or appealed, without payment of a docket fee in the amount of $173 to the clerk of the district court. Except as provided further, the docket fee established in this subsection shall be the only fee collected or moneys in the nature of a fee collected for the docket fee. Such fee shall only be established by an act of the legislature and no other authority is established by law or otherwise to collect a fee. On and after July 1, 2019, through June 30, 2025, the supreme court may impose an additional charge, not to exceed $22 per docket fee, to fund the costs of non-judicial personnel."

K.S.A. 2020 Supp. 60-2001(b)(1) provides an exception for indigent filers. 2020 WL 4251034, at *2. This statute allows indigent plaintiffs to file a poverty affidavit,

which eliminates the fee obligation. K.S.A. 2020 Supp. 60-2001(b)(1). If the plaintiff is "in the custody of the secretary of corrections," then the inmate

> "may file a poverty affidavit only if the inmate attaches a statement disclosing the average account balance, or the total deposits, whichever is less, in the inmate's trust fund for each month in: (A) The six-month period preceding the filing of the action; or (B) the current period of incarceration, whichever is shorter." K.S.A. 2020 Supp. 60-2001(b)(1).

Burnett is in the custody of the Kansas Department of Corrections. Burnett filed an "Affidavit of Financial Statement" on the same day as his petition for name change. The affidavit indicated that Burnett did "not have, or possess, any gold or silver coins" to pay the filing fee of $195. Five days later the district court disapproved Burnett's poverty affidavit and ordered Burnett to pay the docket fee within 30 days or risk dismissal. The district court waited more than 30 days then dismissed Burnett's petition based in part on Burnett's failure to pay.

Burnett does not argue that he paid any fee, and the record does not show that he did. True, the affidavit he filed with his name change petition requested a hearing "and the $3 filing fee taken from his inmate account." But the $3 fee would be taken only if Burnett filed an acceptable poverty affidavit. See K.S.A. 2020 Supp. 60-2001(b)(1) ("On receipt of the affidavit and attached statement, the court shall determine the initial fee to be assessed for filing the action and in no event shall the court require an inmate to pay less than $3."); *Smith v. McKune*, 31 Kan. App. 2d 984, 988, 76 P.3d 1060 (2003) ("K.S.A. 2002 Supp. 60-2001(b)(1) authorizes the assessment of an initial docket fee that is not less than $3 if the inmate's poverty affidavit and certified prisoner account statement show that he or she is indigent."). But to the contrary, the district court found Burnett's poverty affidavit insufficient to show his indigence.

We review de novo the district court's decision that Burnett's affidavit failed to meet the statutory requirements of a poverty affidavit. See *Jarvis v. Department of Revenue*, 312 Kan. 156, 159, 473 P.3d 869 (2020). K.S.A. 2020 Supp. 60-2001(b)(2) requires, among other matters, that the affiant state the source and amount of income:

> "(2) *Form of affidavit*. The affidavit provided for in this subsection shall set forth a factual basis upon which the plaintiff alleges by reason of poverty an inability to pay a docket fee, including, but not limited to, the source and amount of the plaintiff's weekly income. Such affidavit shall be signed and sworn to by the plaintiff under oath, before one who has authority to administer the oath, under penalty of perjury, K.S.A. 21-5903, and amendments thereto. The form of the affidavit shall be deemed sufficient if in substantial compliance with the form set forth by the judicial council."

Burnett's affidavit does not include the source and amount of his weekly income, as K.S.A. 2020 Supp. 60-2001(b)(2) requires, nor does it outline the average account balance or total deposits in his trust fund for the appropriate time frame, as K.S.A. 2020 Supp. 60-2001(b)(1) requires for Kansas Department of Corrections inmates.

Still, an affidavit will be sufficient if it substantially complies with the judicial council's form. K.S.A. 2020 Supp. 60-2001(b)(2). "'Substantial compliance is compliance in respect to the essential matters necessary to assure every reasonable objective of the statutes.'" *State v. Stoll*, 312 Kan. 726, 729, 480 P.3d 158 (2021) (citing *State ex rel. Schmidt v. City of Wichita*, 303 Kan. 650, 661-62, 367 P.3d 282 [2016]).

The judicial council's form requires an applicant to provide an accounting of assets and weekly income. So for Burnett's affidavit to have substantially complied, it must have given the court a fair indication of Burnett's financial situation. But his affidavit revealed only that he did not have $195 in gold or silver coins. It did not tell the court how much he had in his inmate's trust fund, what his weekly income was, if any, or any other facts that would show he was indigent. For these reasons, the district court did not

5

err by finding Burnett's affidavit legally insufficient and, as a result, dismissing his petition for failure to pay the statutorily required fee.

Because the district court properly dismissed Burnett's petition on this basis, we need not determine whether the court also properly dismissed his petition for failure to prosecute—its alternative basis. *Ellie v. State*, 312 Kan. 835, 840, 481 P.3d 1208 (2021).

We note that Burnett's initial district court filings argued that the filing fee requirement violated due process because the fee denied him his "right to free access to the courts." Yet Burnett briefs no due process argument on appeal, and thus abandons it. See *Russell v. May*, 306 Kan. 1058, 1089, 400 P.3d 647 (2017) (holding a point raised incidentally in a brief and not argued in it is considered abandoned). Similarly, we note that Burnett violated Kansas Supreme Court Rule 6.02(a)(4) (2021 Kan. S. Ct. R. 35) by failing to cite the record in support of the factual assertions he sets forth in his brief. Still, we have resolved the merits of his claims as we understand them.

Affirmed.